Myron S. Hawkins, Plaintiff-Appellant, v. Cecil Potter, Defendant-Appellee.

Gen. No. 63–M–1.

Fourth District.

November 29, 1963.

C. M. Raemer and Robert D. Albright, both of Salem, for appellant.

John E. Jacobsen and Craig & Craig, all of Mt. Vernon, for appellee.

SCHEINEMAN, J.
This is a suit for damages for personal injuries and property damage caused by a vehicular collision. Included in the claim for damages was loss of earnings. The suit was dismissed by the trial court because of the failure of the plaintiff to comply with discovery orders as hereinafter mentioned.

Among the interrogatories defendant served upon plaintiff was an inquiry whether plaintiff had copies of his income tax returns for certain years and asked, "State your net income as shown by your tax returns," etc. In answer, the plaintiff admitted he had copies of his tax returns, but declined to disclose the amount of his income for the specified years.

The defendant filed a motion to require the plaintiff to answer the interrogatory and, after hearing, the court ordered the plaintiff to answer within twenty days. An extension of time was granted and finally the plaintiff still having refused to comply, the court entered a final judgment dismissing the complaint with prejudice.

Within thirty days after entry of judgment, the plaintiff filed a motion for leave to amend his complaint with an affidavit in support thereof, and a proposed amended complaint. The affidavit reveals that plaintiff was fully informed by his counsel of his legal obligation to answer the interrogatory and the severe consequences that could result if he persisted in his refusal. The tendered amended complaint proposed to eliminate the claim for loss of earnings. No petition or motion to vacate or set aside the judgment of dismissal was ever filed.

██ The first question to be decided is whether the refusal to disclose the information on the income tax returns was justified on the ground that it was privileged. Some of the early federal cases held that it was privileged, but there are now a long line of federal decisions to the effect that they are not privileged. This court holds that, when the income of a litigant is an issue in the case, the opposite party has the right to ascertain, by discovery process, the relevant facts as they were disclosed to the government for tax purposes. This right cannot be defeated on the ground that the information is privileged. Barron

316

and Holtzoff, Federal Practice and Procedure, Vol 2A, Sec 651.2. Also see Note: Prior Earnings Not Privileged from Pretrial Discovery, 1958, U of Ill Law Forum, 651.

■ Supreme Court Rule 19–12(3), Ill Rev Stats c 110, § 101.19–12 specifically authorizes the trial court to dismiss a complaint for failure to comply with any order entered under the discovery rules. The plaintiff was given ample opportunity to comply with the court's order and received warning from his counsel, but still refused to comply. We, therefore, hold the court's ruling was within the court's discretion as an appropriate order. As stated in Sager Glove Corp. v. Continental Cas. Co., 19 Ill App2d 568, 154 NE2d 833: "The trial court had the responsibility to uphold the dignity and authority of the court and we cannot say that the serious step taken was not a proper exercise of discretion." Similar results: Coutrakon v. Distenfield, 21 Ill App2d 146, 157 NE2d 555; Payne v. Payne, 31 Ill App2d 141, 175 NE2d 614.

■ Plaintiff argues that although the order appealed from was final in form it did not become final in fact until 30 days from the date it was entered. It is true that within the 30 days the judgment could have been set aside, but the judgment is a final disposition of the case from the time it is entered unless some action toward setting it aside has been taken within the 30 days. Otherwise, a court is without authority to permit an amendment to a complaint after the entry of the judgment, except to conform to proof. Bettenhausen v. Guenther, 388 Ill 487, 58 NE2d 550; Soverino v. Baltimore & O. R. Co., 2 Ill App2d 357, 119 NE2d 494; Ellison v. Ward, 294 Ill App 197, 13 NE2d 649.

■ Finally, it is argued for the plaintiff that the trial court should have treated the motion to amend as a motion to vacate. This contention comes too late; it

317

should have been made in the trial court before the expiration of 30 days from the date of the judgment, while the trial court still had full authority to modify, set aside, or vacate its judgment for any reason. After 30 days this authority exists only "in pursuance of a motion made within such 30 days." Ill Rev Stats c 77, § 83. This must refer to a motion to modify, set aside, or vacate; it cannot mean any motion that happens to have been filed. The judgment is affirmed.

Judgment affirmed.

CULBERTSON, P. J. and HOFFMAN, J., concur.