TOM HAWKINS, Plaintiff-Appellant, *v.* WILLIE WIGGINS, Defendant-Appellee.

First District (2nd Division)    No. 79-2128

Opinion filed December 30, 1980.

Rotman, Medansky & Elovitz, Ltd., of Chicago (Daniel K. Robin, of counsel), for appellant.

Parrillo, Bresler, Weiss & Moss, of Chicago (David J. Weiss, of counsel), for appellee.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

This appeal arises out of a negligence action plaintiff Tom Hawkins, brought against defendant, Willie Wiggins, in which plaintiff sought to recover damages sustained in an automobile accident which occurred on May 31, 1975. On the first day of trial, July 19, 1979, defendant moved to bar plaintiff from introducing any evidence of loss of income because plaintiff had failed to produce copies of Federal income tax returns and W-2 forms that defendant had requested in a notice of deposition filed July 22, 1975, and in a Rule 237 notice to produce at trial filed on December 11, 1978. Plaintiff's motion was allowed and defendant's motion to vacate this order was thereafter denied. At trial the court directed a verdict for plaintiff on the issue of liability, and the jury returned a verdict of $1000 plus costs for plaintiff. Plaintiff moved for a new trial on the ground that the court had improperly excluded evidence of lost income. That motion was denied, and plaintiff now appeals presenting the following issue for review: whether the trial court abused its discretion in barring all evidence of loss of income. For the reasons hereinafter set forth we affirm the order of the circuit court of Cook County denying plaintiff's motion for a new trial.

On May 31, 1975, plaintiff, Tom Hawkins, was involved in an automobile accident with defendant, Willie Wiggins, in the vicinity of California and Van Buren in Chicago. Plaintiff filed suit against defendant claiming damages for personal injuries, property damage and loss of income.

On or about July 22, 1975, defendant mailed to plaintiff a notice of disposition in which he asked plaintiff to produce his Federal income tax return for 1974. Plaintiff failed to bring his return to the deposition on December 11, 1975, but stated that he had the return and would make it available. On December 11, 1978, defendant sent to plaintiff a notice pursuant to Supreme Court Rule 237 (73 Ill. 2d R. 237) to produce prior to

voir dire plaintiff's Federal income tax returns, including the W-2 forms, for the years 1974 through 1977. Immediately before jury selection commenced on the morning of July 19, 1979, plaintiff's counsel assured the court and defense counsel that the tax records would be produced after lunch. After the parties began picking their jury, counsel informed the court that plaintiff could not locate copies of the requested returns. Defense counsel moved to bar plaintiff from introducing any testimony concerning loss of income. In argument on the motion, plaintiff's counsel advised the court that his client thought his sister had the returns but that she was unable to locate them. Counsel then stated that his client believed that his former wife might have taken the returns with her when she moved to Minnesota after their divorce. After argument, the court sustained defendant's motion to bar "any and all testimony with relation to lost time." The day after the motion was allowed, plaintiff asked for a rehearing, which was granted. At the rehearing plaintiff produced a W-2 form for 1976, the year after the accident occurred, and a check stub for the end of 1975, which purported to show plaintiff's total income for that year. Counsel represented to the court that plaintiff never kept copies of his Federal tax returns, only his W-2 forms. Plaintiff's counsel informed the court that he never advised defense counsel that he did not have the returns and added that he felt no responsibility to do so. The court denied plaintiff's motion to vacate the previous order, and counsel made an offer of proof that plaintiff's loss of income attributable to the accident was $956.80. An offer of proof from an agent of plaintiff's former employer on the same issue was denied.

At trial the court directed a verdict for plaintiff on the question of liability, and the jury awarded plaintiff $1000 in damages. Plaintiff's motion for a new trial or in the alternative for an additur in the amount of $956.80 was denied.

Plaintiff maintains that the trial court abused its discretion when, as a sanction for plaintiff's noncompliance with defendant's Rule 237 notice to produce his federal income tax returns, it prohibited plaintiff from introducing any evidence of lost income.

Rule 237(b) of the Illinois Supreme Court Rules (73 Ill. 2d R. 237(b)) provides:

> "The appearance at the trial of a party or a person who at the time of the trial is an officer, director or employee of a party may be required by serving the party with a notice designating the person who is required to appear. *The notice also may require the production at the trial of documents or tangible things.* If the party or person is a non-resident of the county, the court may order any terms and conditions in connection with his appearance at the trial that are just, including payment of his reasonable expenses. *Upon a*

*failure to comply with the notice the court may enter any order that is just, including any order provided for in Rule 219 (c) that may be appropriate.*"[1] (Emphasis added.)

Sanctions are to be imposed only when noncompliance with discovery rules or orders is found to be unreasonable and the order entered is just. (*Cedric Spring & Associates, Inc. v. N.E.I. Corp.* (1980), 81 Ill. App. 3d 1031, 1035, 402 N.E.2d 352.) In determining whether the noncompliance is unreasonable, the standard is whether the offending party's conduct is characterized by a deliberate and pronounced disregard for the rules and the court. (*Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 434, 361 N.E.2d 36.) A just order is one which, to the degree possible, insures both discovery and a trial on the merits. (*Cedric*, at 1035.) The particular sanction imposed, however, rests largely within the trial court's discretion, the exercise of which will not be disturbed on appeal absent an abuse of discretion, and the burden is on the offending party to establish by affidavit or otherwise that his failure to comply was justified by extenuating circumstances or events. *Cedric*, at 1035; *Quarles v. Nationwide Insurance Co.* (1978), 66 Ill. App. 3d 455, 465, 383 N.E.2d 1234; *Bender v. Pfotenhauer* (1974), 21 Ill. App. 3d 127, 130, 315 N.E.2d 137.

## I

■■ Plaintiff initially contends that no sanction was appropriate where he produced all records which were in his possession and control. Citing *City Savings Association v. Mensik* (1970), 124 Ill. App. 2d 34, 260 N.E.2d 110, plaintiff asserts that when faced with a discovery request, a party's obligation is to exercise good faith to deliver what is in his possession and control, but that there is no obligation to affirmatively acquire the requested documents. In *City Savings Association,* at page 42, the court noted the "rule of universal application that a party who does not have possession and control of documents cannot be ordered to produce them for discovery." Possession, however, may be constructive as well as physical. (*Schwimmer v. United States* (8th Cir. 1956), 232 F.2d 855, 860, *cert. denied* (1956), 352 U.S. 833, 1 L. Ed. 2d 52, 77 S. Ct. 48.) And in *Franzen v. Dunbar Builders Corp.* (1971), 132 Ill. App. 2d 701, 270 N.E.2d 118, we held that sanctions for violating a Rule 237 notice may be imposed against a party where the document or thing requested was in his possession or was within his power to produce. Since the plaintiff has a statutory right to inspect and reproduce copies of his tax records (26 U.S.C. §§6103 (e)(1)(A)(i), 6103(p)(2)(A) (1976)), it was no defense to the notice that the records were not in his actual physical control. See *Reeves*

---

[1] Sanctions authorized by Rule 219(c) include barring a party from maintaining any particular claim relating to an issue, striking any portion of his pleadings relating to that issue and barring a witness from testifying concerning that issue.

*v. Pennsylvania R. Co.* (D. Del. 1948), 80 F. Supp. 107, 109; *Paramount Film Distributing Corp. v. RAM* (E.D. S.C. 1950), 91 F. Supp. 778, 781; *Tollefsen v. Phillips* (D. Mass. 1954), 16 F.R.D. 348.

## II

In determining the propriety of a sanction, factors which may be considered include the surprise to the opposing party, the prejudicial effect of the testimony, the diligence of the opposing party in seeking discovery, timely objection to the testimony and the good faith of the party offering the testimony. (*Carlson v. General Motors Corp.* (1972), 9 Ill. App. 3d 606, 619-20, 289 N.E.2d 439.) No one factor is determinative. (*Carlson*, at 620.) Plaintiff concedes that once defendant became aware of plaintiff's failure to produce his tax returns he made a timely objection to plaintiff's claim for lost income. We turn, therefore, to plaintiff's analysis of the other factors set forth in *Carlson*.

## A

■■ Plaintiff argues that defendant cannot claim he was surprised by the absence of the tax returns at trial because he improperly relied upon his Rule 237 request to finish his discovery. In July 1975 defendant sent plaintiff a notice of disposition in which he asked plaintiff to produce his 1974 Federal income tax return. Plaintiff did not bring the return to the deposition on December 11, 1975, but informed defense counsel that it would be made available at a later date. No further discovery was pursued until defendant filed a Rule 237 request on December 11, 1978, for plaintiff's tax returns for the years from 1974 to 1977. These returns and the accompanying W-2 forms were to be produced before voir dire. Plaintiff contends that defendant could not claim surprise at trial because he knowingly failed to complete his discovery. We cannot concur in this conclusion because, before trial commenced, plaintiff had given defendant no reason to believe that he would not comply with the Rule 237 notice. Defendant, therefore, had no cause to ask for income tax authorization forms. A statement per Supreme Court Rule 201(k) (73 Ill. 2d R. 201(k)) that the parties were unable to resolve their discovery problems would have been premature before the records were due, and motions for sanctions before voir dire would have been untimely for the same reason. Although, as plaintiff suggests, defendant could have requested the documents under Rule 214, the Historical and Practice Notes to that rule specifically mention a Rule 204(a) notice-of-deposition procedure as an alternative to the motion to produce documents under Rule 214. (Ill. Ann. Stat., ch. 110A, par. 214, Historical and Practice Notes, at 190 (Smith-Hurd 1968).) Here defendant gave this notice. Defendant was not required to pursue each and every available method of discovery.

■■ Plaintiff argues further that defendant cannot claim surprise where, after he knew discovery was incomplete, he answered ready for trial. This argument ignores the circumstances which were present here. Jury selection commenced on the morning of July 19, 1979, only after counsel assured defense counsel and the trial court that the returns would be produced that afternoon. In light of plaintiff's conduct and in view of the fact that voir dire had already begun, it would have been unreasonable to insist that defendant move for a continuance. (See, *e.g.*, *Carlson*, at 620.) It is inaccurate to state, as plaintiff does, that defendant "gambled" that plaintiff could supply copies of the income tax returns. Defendant relied on plaintiff's representation that the returns would be produced and properly claimed surprise when they were not.

B

Plaintiff argues that defendant was not prejudiced by "the failure to produce the income tax returns at trial because there was ample opportunity to obtain them prior to trial. Further, there was no actual prejudice to the Defendant," because "all employment records had already been disclosed," and "the employer's agent was * * * present in court to be cross-examined by the Defendant." Since the first part of this argument is substantially the same as the one plaintiff advances in Argument II-D below, that defendant failed to show diligence in his discovery, we will address it when we reach that portion of plaintiff's argument.

■■ With respect to plaintiff's assertion that defendant suffered no actual prejudice, we note that "when the income of a litigant is an issue in the case, the opposite party has the right to ascertain, by discovery process, the relevant facts as they were disclosed to the government for tax purposes." (*Hawkins v. Potter* (1963), 44 Ill. App. 2d 314, 316, 194 N.E.2d 672. Also see *Freehill v. DeWitt County Service Co.* (1970), 125 Ill. App. 2d 306, 321, 261 N.E.2d 52.) Plaintiff does not question this principle but states that the secondary evidence he presented in the form of a W-2 form for 1976 and a check stub for 1975 sufficed as substitutes for the requested forms. The accident in this case occurred in 1975. A W-2 form showing income for 1976 would not have assisted defendant in cross-examining plaintiff on his 1975 income. Moreover, the check stub for 1975 and the rejected offer of proof of plaintiff's employment record would not have provided defendant with the details which might have appeared in plaintiff's Federal return. As defense counsel stated in his argument for sanctions, the return could have contained useful information regarding medical expenses and possible reimbursement for time lost. Without knowing what information was present in the return, this court cannot speculate on the use defense might have made of plaintiff's Federal income tax returns. Without those returns, defense counsel would have

been denied the full scope of cross-examination to which he was entitled. (See *Cox v. Yellow Cab Co.* (1973), 16 Ill. App. 3d 665, 669, 306 N.E.2d 738, *aff'd* (1975), 61 Ill. 2d 416, 419, 337 N.E.2d 15.) In our opinion defendant made a satisfactory showing of prejudice.

## C

Plaintiff argues further that since the tax returns were not part of his case but could have been used only for purposes of impeachment on cross-examination, it was defendant's responsibility to obtain them. It is a sufficient answer to this argument that defendant did try to obtain them in his notice of deposition and his notice to produce. At no time before jury selection commenced did plaintiff advise defendant that the returns were not available. Had he done so, defendant would have had an opportunity to request income tax authorization forms before trial.

## D

■■ Plaintiff contends that defendant failed to show diligence in enforcing his discovery requests. Plaintiff states that defendant ."could have requested income tax authorizations, sent a 201(k) letter, sent a 214 request to produce or brought the matter before the court, but chose to do nothing." What plaintiff ignores, however, is that until he advised defendant after jury selection commenced that he could not locate the tax records, defendant had no reason to believe that the records would not be produced. With respect to plaintiff's suggestion that defendant should have sent a Rule 214 request to produce, the Historical and Practice Notes to that Rule specifically state that one alternative to the motion to produce documents under this rule is a designation of documents in a *subpoena duces tecum.* Since the purpose of Rule 237 was to "obviate the necessity of the service of a subpoena upon a party to whom such notice is directed" (*Lawson v. G. D. Searle & Co.* (1975), 29 Ill. App. 3d 670, 679, 331 N.E.2d 75, *rev'd on other grounds* (1976), 64 Ill. 2d 543, 356 N.E.2d 779), it is evident that Rule 237 serves the same function as a *subpoena duces tecum* and is an alternative to discovery under Rule 214.

## E

The premise for plaintiff's argument that he acted in good faith in complying with defendant's Rule 237 notice is that the tax returns were not in his possession and control. In light of plaintiff's unquestioned authority to secure copies of his returns, however, this premise does not withstand scrutiny. Plaintiff may not claim to have acted in good faith in failing to turn over documents which were within his power to obtain. *Franzen v. Dunbar Builders Corp.*

### III

Plaintiff argues that barring all testimony with regard to loss of wages was an excessive and inappropriate sanction. Citing *Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 455, 243 N.E.2d 27, defendant states that cases which have permitted the dismissal of the complaint. or striking the answer "all involve evidence of refusal to comply with discovery or gross neglect in respect thereto, and nearly all involve disobedience or repeated disobedience of court orders." In the case at bar, however, the court did not dismiss plaintiff's complaint but merely prohibited plaintiff from presenting evidence of lost income. The sanction imposed, while severe, was less drastic than the dismissal of his complaint and judgment on the remaining pleadings. (*Rosales v. Marquez* (1965), 55 Ill. App. 2d 203, 209, 204 N.E.2d 829.) The balance of plaintiff's case went to the jury, and the trial court directed a verdict for plaintiff on the issue of liability. The sanction of dismissal was approved in *Hawkins v. Potter* (1963), 44 Ill. App. 2d 314, 316, 194 N.E.2d 672, where, in an action seeking damages for personal injuries and property loss caused in an automobile accident, the plaintiff steadfastly refused to state his income or produce copies of his tax returns. Moreover, *Gillespie* is not authority for the proposition that the sanction of dismissing a complaint may be imposed "only in the case of demonstrated refusal to comply with the rules or failure to obey a specific court order." (*Gillespie*, at 455.) Citing *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, the court held that "the multitudinous variety of fact situations preclude the advisability of such finality." (*Gillespie* at 455-56.) Furthermore, it is not, as plaintiff contends, a prerequisite to the imposition of sanctions under Rule 219 that a preliminary court order be sought, obtained and thereafter ignored by the offending party. *Savitch v. Allman* (1975), 25 Ill. App. 3d 864, 869, 323 N.E.2d 435.

> "Violation of a court order would presumably have made the attorney's conduct more culpable, but the fact that no such order was first obtained does not excuse the unreasonable delay in complying with the Supreme Court Rules. If a specific order was required in all cases before sanctions are imposed, a dilatory attorney could simply delay as long as he wished, with consequential inconvenience to the court and other litigants, until he is commanded by order to perform an act which is required by the rules. No such procedure is required nor would it be desirable." *Savitch*, at 869-70.

Plaintiff asserts that he cannot be said to have refused to comply with a discovery request where the documents sought were not in his possession and control. As we have previously held, however, the returns were within plaintiff's constructive possession or control (See part I above.) In

the seven-month period between the Rule 237 notice to produce and the commencement of trial, plaintiff never informed defendant that he could not find copies of his income tax returns and that authorizations would be necessary. It was not until after jury selection had begun that plaintiff's counsel first advised the court and defense counsel that the returns were not available. One of plaintiff's attorneys told the trial court he felt no responsibility to inform defense counsel that the returns could not be located. We believe that plaintiff neglected his obligations under the discovery rules and clearly has failed to meet his burden of showing by affidavit or otherwise that his noncompliance was justified by extenuating circumstances or events. *Quarles v. Nationwide Ins. Co.*

■■ "Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances. These are already in Rule 219(c)." (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 67, 374 N.E.2d 460.) In our opinion the sanction imposed in the instant case was proportionate to the circumstances.

## IV

■■ Supreme Court Rule 201(k) provides in relevant part that "[e]very motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord." (73 Ill. 2d R. 201(k).) Plaintiff contends that in the absence of the statement required by Rule 201(k) the trial court could not properly consider defendant's motion to impose sanctions against plaintiff for noncompliance with prior discovery requests. As the committee comments indicate, Rule 201(k) was "designed to curtail undue delay in the administration of justice and to discourage motions of a routine nature."[2] (73 Ill. 2d R. 201(k).) A motion for sanctions under Rule 237 is not routine. (*Urmoneit v. Purves* (1975), 33 Ill. App. 3d 939, 942, 338 N.E.2d 423; *Sanchez v. Phillips* (1977), 46 Ill. App. 3d 430, 433, 361 N.E.2d 36.) Finally, any error in defendant's failure to comply with the rule was harmless. It was plaintiff's refusal to cooperate with discovery which precipitated the court's order. Plaintiff was advised that defendant intended to move to strike plaintiff's claim for lost wages and to bar evidence in support of that claim from being presented to the jury. He participated fully in the extensive argument on the motion. We are unable to conclude that plaintiff suffered any prejudice. See *Sanchez*.

---

[2] Rule 201(k) was patterned after Rule 12(d) of the United States District Court for the Northern District of Illinois. That rule, however, has not been construed to require, in all cases, a conference prior to the filing of discovery motions. See *Goodman v. International Business Machine Corp.* (N.D. Ill. 1973), 59 F.R.D. 278, 279; *Coates v. Johnson & Johnson* (N.D. Ill. 1980), 85 F.R.D. 731, 734.

## V

Plaintiff's final argument is that "it is improper to present a motion for sanctions for failure to comply with a document request in a deposition notice four years after it is filed. On the eve of trial it is an abuse of discretion to prejudice a party with dormant discovery requests." The discovery request in the case at bar was not "dormant." The 1974 return had been requested in 1975 and the returns for 1974 through 1977 were sought in a Rule 237 notice filed on December 11, 1978, more than seven months before trial commenced.

For the above reasons we believe that plaintiff has failed to demonstrate that the trial court abused its discretion in barring evidence of lost income as a sanction for plaintiff's noncompliance with defendant's Rule 237 notice to produce his income tax returns. Accordingly, the order of the circuit court of Cook County denying plaintiff's motion for a new trial is affirmed.

Affirmed.

DOWNING and HARTMAN, JJ., concur.