ALBERT POLK, Plaintiff-Appellant, v. DIEU CAO, Defendant-Appellee.

First District (5th Division)   No. 1—95—0765

Opinion filed March 29, 1996.

Harvey L. Walner & Associates, of Chicago (Harvey L. Walner, of counsel), for appellant.

Moss & Hillison, of Chicago (Michael J. Raiz, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Albert Polk brought suit against defendant Dieu Cao,

for injuries he allegedly received when the bus he was driving was hit by defendant's car. Defendant admitted negligence and the case proceeded to trial on the issues of whether defendant's negligence proximately caused plaintiff's alleged injuries and what amount of money would reasonably compensate plaintiff for those injuries. The jury found that defendant's negligence proximately caused plaintiff's injuries and awarded plaintiff $680, which was for plaintiff's pain and suffering. Plaintiff filed a post-trial motion for a new trial on the issue of damages, but the trial court denied the motion. Plaintiff appeals, contending that the trial court erred in: (1) redacting opinions and diagnoses from plaintiff's medical records; (2) barring plaintiff's medical expense claims; (3) barring plaintiff's wage loss claim for noncompliance with defendant's Rule 237 (134 Ill. 2d R. 237) notice to produce; and (4) denying defendant's motion for a new trial on the issue of damages. We reverse and remand for a new trial on the issue of damages.

■ Plaintiff first claims that the trial court erred in redacting from plaintiff's medical records from Weiss Memorial Hospital the doctor's medical diagnosis and opinion as to when plaintiff would be able to return to work. The trial court determined that these subjective portions of plaintiff's medical records should be redacted since their reliability could not be assessed by cross-examining the doctor who made these findings. Admission of medical record evidence is governed by Supreme Court Rule 236, which was recently amended to include medical records. 145 Ill. 2d R. 236. However, the fact that medical records are admissible as business records does not deny the trial court the right to determine that certain portions of the records should be redacted. The admission of evidence is within the sound discretion of the trial court, and the trial court's ruling will not be reversed absent a clear showing of abuse of that discretion. *Congregation of Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill. 2d 137, 636 N.E.2d 503 (1994). We cannot say that that discretion was abused here.

Plaintiff's next contention is that the trial court abused its discretion in refusing to allow plaintiff to reopen his case in chief for the purpose of introducing plaintiff's medical bills into evidence. After plaintiff rested his case, a side-bar was held, and the court twice asked plaintiff if he rested his case. After plaintiff responded in the affirmative, the court stated, "There are no medical bills in evidence, so there is no issue at this point as to medical expenses, medical services." Plaintiff's counsel then stated that he thought he would get plaintiff's medical bills into evidence as a business record. The court pointed out that there was no evidence in the record that the bills

had been paid. Defendant then moved for a directed verdict as to medical costs on the basis that the bills were not properly in evidence and there was no evidence that the bills had been paid. Plaintiff's counsel then moved to reopen his case for the purpose of admitting plaintiff's medical bills into evidence and asking plaintiff whether he paid the medical bills. The court denied plaintiff's request, stating:

> "Counsel, I came back here not to give you an advantage or give you a disadvantage. At this point, since this whole subject came up as a result of questions that I asked, I'm not going to allow you to reopen for that purpose, otherwise it wouldn't come up. Do what you can. Call your next witness, otherwise you've rested."

■ Generally, the decision to reopen a case to allow the introduction of additional evidence rests within the sound discretion of the trial court and the trial court's decision will not be reversed absent an abuse of discretion. *A-Tech Computer Services, Inc. v. Soo Hoo*, 254 Ill. App. 3d 392, 627 N.E.2d 21 (1993). The factors to be considered in determining whether a party should be permitted to reopen a case include: (1) whether the failure to introduce the evidence occurred because of inadvertence or calculated risk; (2) whether the adverse party will be surprised or unfairly prejudiced by the new evidence; (3) whether the new evidence is of the utmost importance to the movant's case; and (4) whether any cogent reason exists to justify denying the request. *A-Tech Computer Services*, 254 Ill. App. 3d at 402-03.

■ Applying these factors to the instant case, we find that the trial court abused its discretion in denying plaintiff's request to reopen his case to introduce plaintiff's medical bills. It appears that plaintiff's counsel failed to introduce these bills during his case in chief either through inadvertence or under a mistaken belief as to when the bills could be properly introduced. Either way, we do not find plaintiff's counsel's failure to introduce the bills to be a calculated risk. Defendant was clearly not surprised or unfairly prejudiced by plaintiff's request to place the medical bills into evidence. Plaintiff not only testified at trial regarding his medical treatment, but also disclosed in interrogatory answers, filed more than two years before trial, that he would be seeking medical expenses at trial. Furthermore, the evidence of plaintiff's medical bills was of the utmost importance to his case since a substantial part of plaintiff's case was recovery of medical expenses. We find that no cogent reason existed to bar plaintiff from reopening his case since defendant had not yet opened his case in chief when plaintiff made his motion to reopen. The trial court was reluctant to allow plaintiff to reopen his

case since it was the trial court, and not plaintiff, who raised the fact that the bills had not been introduced. While we recognize the trial court's concern, we cannot assume that plaintiff's counsel would not at some point soon thereafter have realized his error and asked for permission to reopen his case.

Plaintiff next contends that the trial court abused its discretion when it barred plaintiff's claim for lost wages based on his failure to comply with Supreme Court Rule 237. 134 Ill. 2d R. 237. Prior to opening statements, during the parties' Rule 237 conference, defendant moved and the trial court granted defendant's motion to have plaintiff's wage loss claim barred due to his failure to produce tax returns at trial as defendant's Rule 237 notice requested.

▪ Supreme Court Rule 237 provides, in pertinent part:

> "The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear. The notice also may require the production at the trial of documents or tangible things. *** Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." 134 Ill. 2d R. 237(b).

Sanctions for Rule 237 violations are to be imposed only when noncompliance is determined to be unreasonable. *Hawkins v. Wiggins*, 92 Ill. App. 3d 278, 415 N.E.2d 1179 (1980). In determining whether noncompliance is unreasonable, the court should consider whether the offending party's conduct was the result of a deliberate and pronounced disregard for court rules. *Hawkins*, 92 Ill. App. 3d at 282. In determining the propriety of a discovery sanction, factors to be considered include: (1) the surprise to the opposing party; (2) the prejudicial effect of the testimony; (3) the diligence of the opposing party in seeking discovery; (4) timely objection to the testimony; and (5) the good faith of the party offering the testimony. *Hawkins*, 92 Ill. App. 3d 278, 415 N.E.2d 1179. A trial court's determination as to the appropriateness of a particular sanction is left largely to the discretion of the trial court, whose ruling will not be reversed absent an abuse of discretion. *Cedric Spring & Associates, Inc. v. N.E.I. Corp.*, 81 Ill. App. 3d 1031, 402 N.E.2d 352 (1980).

The trial court in the instant case relied primarily on *Hawkins*, in barring plaintiff's wage loss claim. The defendant in *Hawkins* sent plaintiff a notice of deposition in 1975 requesting that plaintiff produce his tax returns. Plaintiff failed to bring the tax returns to the deposition but said that they were in his possession and he would make them available to defendant. Three years later, in 1978, defen-

dant filed a Rule 237 notice requesting plaintiff to produce his tax returns and W-2 forms for the years 1974 through 1978. Eight months later, just before jury selection, the plaintiff's counsel told the court that the documents would be produced after lunch. However, after lunch, plaintiff's counsel told the court that plaintiff could not find the tax returns. The trial court granted defendant's motion to bar all evidence relating to lost income and the appellate court affirmed, finding that the trial court did not abuse its discretion in precluding the evidence.

The *Hawkins* court rejected plaintiff's assertion that the defendant could not claim surprise by the absence of the tax returns because defendant had failed to complete discovery to assure that he received the tax returns. The court noted that prior to the commencement of trial, plaintiff had given defendant no reason to believe that he would not comply with the Rule 237 notice. Therefore, defendant had no reason to ask plaintiff for tax authorization forms so as to permit defendant to obtain the tax returns. The plaintiff in *Hawkins* also alleged that the W-2 form he produced at trial for 1976, the check stub he produced for 1975, and the fact that the employer's agent was present in court to be cross-examined were sufficient substitutes for the tax returns. The court disagreed, stating that this other information would not have provided defendant with the same details that likely appeared in the tax returns, such as information regarding medical expenses and reimbursement for lost time.

Plaintiff claims that the instant case is more similar to *Marchese v. Vincelette*, 261 Ill. App. 3d 520, 633 N.E.2d 877 (1994), than *Hawkins*. The court in *Marchese* found no abuse of discretion in the trial court's refusal to sanction plaintiff for failing to produce her tax returns at trial. The court did not find the plaintiff's failure to comply with plaintiff's request for tax returns unreasonable, since the defendant had made only one request for the documents, less than three weeks before trial began, and plaintiff was unable to produce them because she did not have them in her possession. Even if plaintiff had requested copies of the tax returns from the Internal Revenue Service, she could not have obtained them in such a short time period. The court also noted that because plaintiff disclosed a year earlier in her response to defendant's interrogatories that she was going to pursue lost wages, defendant could not assert that he was unable to seek the records at an earlier time. The court therefore concluded that the trial court properly exercised its discretion in allowing plaintiff to present evidence regarding her lost wages.

■ We find the instant case to be more analogous to *Hawkins* than *Marchese*, since defendant requested plaintiff's tax returns

almost three years before trial. Despite the fact that plaintiff had ample opportunity to obtain his tax returns during that time, plaintiff's counsel did not begin looking for the tax returns until one month before trial. Plaintiff here raises some of the same arguments raised and rejected in *Hawkins*. Plaintiff claims that defendant should have requested plaintiff's tax returns directly from the Internal Revenue Service. However, because plaintiff never made defendant aware of the unavailability of the tax returns, defendant had every right to assume that plaintiff would comply with the Rule 237 request and produce the tax returns at trial.

Plaintiff claims that while the court in *Hawkins* found plaintiffs' production of a W-2 form an insufficient substitute for the tax returns, the instant case is distinguishable since the plaintiff here produced W-2 forms for all requested years. However, we do not believe that the *Hawkins* decision would have been any different had all of the W-2 forms been produced. The *Hawkins* decision was not based solely on the fact that all of the W-2 forms had not been produced, but rather on the fact that a W-2 form simply could not provide defendant with the same type of information likely contained in a tax return. Furthermore, plaintiff claims that an adequate substitute for his tax returns would have been the testimony of his supervisor for payroll operations. Plaintiff claims that the trial court improperly prevented the supervisor from testifying as to plaintiff's employment earnings and tax deductions for the relevant years. We agree with the court in *Hawkins* that such testimony was an inadequate replacement for the tax returns. Accordingly, we do not find that the trial court abused its discretion in determining that plaintiff failed to use reasonable efforts to obtain his tax returns for production at trial and thus barring plaintiff's lost wage claim.

Accordingly, based on our finding that the trial court abused its discretion in denying plaintiff's request to reopen his case to introduce medical bills into evidence, we reverse and remand for a new trial on the issue of damages.

Reversed and remanded.

GORDON and HOURIHANE, JJ., concur.