In the Matter of the Annexation of Certain Territory to the Village of Harvester, a Municipal Corporation in DuPage County.

Kenneth Kroehler, et al., Petitioners-Appellees, v. Petitioners to Annex to the Village of Willowbrook, DuPage County, Illinois in Case No. 800–61, Objectors-Appellants.

Gen. No. 48,707.

First District, Third Division.

September 19, 1962.

Theodore W. Huszagh, of Chicago (R. L. Huszagh, of counsel), for appellants.

Thomas F. Pierce, of Chicago (Whealan & Pierce, of counsel), for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order approving a petition filed pursuant to law (Ill Rev Stats, c 24, § 7–1–2 (1961)) for annexation to the village of Harvester, which is in DuPage County, of a tract of land which is in Cook County and which we will call the "Cook County tract." Prior to the filing of the petition there

had been a proceeding in the County Court of DuPage County, known as Case No. 800–61, which sought to annex to the village of Willowbrook, which is in DuPage County, a strip of land which we will call the "Contiguous Land" because a portion of it lies between the "Cook County tract" hereinbefore referred to and the village of Harvester. While that petition was pending, the village of Harvester proceeded by ordinance to annex the "Contiguous Land." Subsequently, the County Court of DuPage County entered an order denying annexation of the "Contiguous Land" to the village of Willowbrook. An appeal was taken to the Appellate Court of Illinois, 2nd District. It is now pending in that court.

The relevance of the DuPage County proceedings to those now before this court lies in the fact that if the decision denying annexation of the "Contiguous Land" should be reversed and if it should ultimately be held that the "Contiguous Land" should be annexed to Willowbrook, then the "Cook County tract" would not be contiguous to the village of Harvester and therefore would not be subject to annexation by it. Ill Rev Stats, c 24, § 7–1–2 (1961). This complicated situation may be better understood by reference to the plat which follows. This plat is taken from an agreed exhibit submitted to our court. The lettering identifying the respective plots has been changed. The village of Willowbrook is marked "A". The village of Harvester is marked "B". The land which the village of Willowbrook sought to annex is the gerrymandering bootlike appendage to the village of Willowbrook, marked "C" and "D". That portion of the boot which the village of Harvester has by ordinance annexed is marked "D". The "Cook County tract" is marked "E". As can be seen, tract "D" is the connecting link between the village of Harvester and the "Cook County tract."

PLAT SHOWING LOCATION OF LAND PETITIONED FOR ANNEXATION TO WILLOW BROOK-ILL. Scale 1"=500' 3-27-62.

After the filing of the petition for annexation of the "Cook County tract" and after the village of Harvester had annexed the "Contiguous Land," objections were filed in the Cook County court by an attorney purporting to represent those individuals who had petitioned the DuPage County Court to annex the area before mentioned to the village of Willowbrook. In his objections he did not name those indi-

259

viduals, but referred to them as "Petitioners to Annex to the Village of Willowbrook, DuPage County, Illinois, in Case No. 800–61." Not until it was necessary to serve notice of appeal and file an appeal bond was any individual named and then, departing from this previous designation and without order of court, counsel referred to the "objectors" named as "Joan Green, et al." By "et al." as used in any legal document we understand reference to be made to parties thereinbefore mentioned.

■■ Objections to a petition for annexation may be filed by any "interested person." Ill Rev Stats, c 24, § 7–1–3 (1961). We take this to mean any individual or any corporate or other entity recognized by law. To designate as objectors the litigants in another proceeding in another court in another county without naming them does not constitute compliance with the act. There are instances in the law where persons unnamed and unknown may be made parties, but these have all been developed to meet particular situations or are provided for by statute and are not comparable to the instant case. Class suits and suits where there are unknown owners are examples.

■ Only the supposed attorney for an uncertain number of unspecified purported parties was before the court. The attorney was not nor did he purport to be a party. He professedly filed objections on behalf of others, yet he did not name those others. No excuse other than that he was required to file the objections in a short time was ever made. It is no excuse. A lawyer should know his clients when he files his suit. The Ninety-nine Plaintiffs v. Vanderbilt, 4 Duer (11 NY Super) 632 (1855). It is beyond comprehension that when he filed his objections he could not name a single individual he represented.

■ At common law a party normally had to appear personally and could appear through an attor-

ney only by special warrant of the king. 7 CJS Attorney and Client § 77. Later the practice developed in England of permitting an attorney to appear with the filing of a written warrant from his client authorizing representation. Bell v. Farwell, 89 Ill App 638; Frye v. County of Calhoun, 14 Ill 132; 7 CJS Attorney and Client § 77. Under certain statutes a written warrant has also been required in this country. 7 CJS Attorney and Client § 77; Ill Rev Stats, c 45, §§ 15, 16 (1961). However, generally the practice here from the earliest times has been that mere appearance of an attorney constituted evidence of his authority, a formal warrant being unnecessary. Osborn v. United States Bank, 9 Wheat 738, 830 (1824), 6 L Ed 204; Frye v. County of Calhoun, supra. This is generally stated in terms of presumed authority to act on behalf of one in whose name suit is brought or who is otherwise named of record or for a client professedly represented. Gray v. First Nat. Bank of Chicago, 388 Ill 124, 57 NE2d 363; Burnham v. Roberts, 70 Ill 19; Frye v. County of Calhoun, supra; In re Estate of Richmond, 1 Ill App2d 310, 117 NE2d 583; Woodward v. Donovan, 167 Ill App 503; 7 CJS Attorney and Client § 73.

█ The historical liberalization of the manner in which parties may institute proceedings by attorneys and attorneys may be presumed to be authorized to act on their behalf cannot be extended to allow parties to proceed without naming themselves as such. Hence there can be no presumption of authority and consequently no recognition of the presence of objectors in the instant case through this attorney as their representative.

█ It has been held that presumption of an attorney's authority does not arise even if the party or client is named when under the law *any* person, instead of only an attorney, may act as agent and file a suit

or claim. Friedman v. Booth Fisheries Corp. (Del Ch), 39 A2d 761 (1944). In such cases proof of agency must be furnished upon appearance. In the instant case any "interested person" may file objections. Ill Rev Stats, c 24, § 7–1–3 (1961). A "person" is defined as one who represents an individual, as well as the individual himself. If the issue were definitely decisive and we followed the Delaware case, agency would not be presumed. It is not necessary to the decision of the instant case that we adopt it. We cite it only as indicating the limits within which presumption of an attorney's authority is confined.

■ Where representation of specified clients is alleged and a presumption does arise, the attorney's authority may be challenged and rebutted on showing properly made. Gray v. First Nat. Bank of Chicago, supra; Bell v. Farwell, 189 Ill 414, 59 NE 955 affirming 89 Ill App 638; Haring v. Godbersen, 13 Ill App2d 95, 141 NE2d 90. Here had any of the purported objectors been named, such a specific showing might have been made as to each.

Courts have held that an attorney must furnish not only names but addresses of his clients. In re Philadelphia & Reading Coal & Iron Co., 27 F Supp 256 (1939); In re Trainer, 146 App Div 117, 130 NYS 682 (1911); The Ninety-nine Plaintiffs v. Vanderbilt, supra. The reasons for such a rule are many. Matters of furnishing security, liability for costs, and the effect of the judgment as a prior adjudication are among them.

The motion to dismiss the objections on the ground that there were no interested parties as objectors not only challenged the attorney's authority and the presence of any parties represented by him, but in effect called for the names of the objectors. The attorney's informal reference in court to several individuals he alleged he represented did not discharge the duty

nor did it satisfy the reasons for the rule requiring their disclosure. The Ninety-nine Plaintiffs v. Vanderbilt, supra.

The Civil Practice Act requires that a party shall set forth in the body of his pleading the names of all parties for whom relief is thereby sought. Ill Rev Stats, c 110, § 21(4) (1961). There must be a party possessed of legal entity as a natural, artificial or quasi-artificial person. See Vukovich v. Custer, 347 Ill App 547, 107 NE2d 426; 67 CJS Parties, sec 4. The first appearance of the name "Joan L. Green" on any document filed in the court below was in the appeal bond signed by her. This was after the objections had been dismissed. Had she been named in the filed objections (although without authority at that time) her subsequent action might amount to ratification. However, she was not then named, was not then before the court, and her subsequent signing of the notice of appeal and the appeal bond could not have the retroactive effect of making her a party at the time the objections were filed. Furthermore, the signing of an appeal bond will not necessarily establish either authorization or a claim in the matter. See Bell v. Farwell, 89 Ill App 638, affd 189 Ill 414, 59 NE 955.

In the caption of the placita and briefs the objectors were referred to as "Joan L. Green, et al. (Objectors-Appellants)." Our rules provide that parties shall be designated on appeal as they were in the lower court. Ill Rev Stats, c 110, § 201.8 (1961). For that reason we have designated the appellants in the relevant portion of the caption hereinabove as "Petitioners to Annex to the Village of Willowbrook, Du-Page County, Illinois, in Case No. 800–61 (Objectors-Appellants)."

At this point we must give consideration to a procedural question which complicates the instant

263

case. The "objectors-appellants," who counsel says are the petitioners in the DuPage County case, appealed the decision of that court to the Appellate Court of the Second District. That case is now pending there. As we have before stated, the ultimate result of this litigation could mean the disconnection of the "Contiguous Land" from the village of Harvester, thus leaving the "Cook County tract" unattached. It is therefore desirable to have the litigation now pending in the Appellate Court for the Second District concluded before this decision becomes final. Petitioners-appellees have urged upon us the need for an early adjudication in order that they might have the benefit of the much needed facilities and services the village of Harvester could give them. We will stay the mandate here for thirty days. Any further postponement will depend upon the objectors-appellants showing that they have presented to the Appellate Court for the Second District the need for an early disposition of the matter.

Order affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.