ALTON EVENING TELEGRAPH, Plaintiff-Appellant, *v.* PAUL DOAK, d/b/a DOAK DODGE, Defendant-Appellee.

(No. 72-239;

Fifth District—May 16, 1973.

Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis, (Joel A. Kunin, of counsel,) for appellant.

John A. Farrell, of Alton, for the appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The plaintiff appeals from an order entered in the Circuit Court of Madison County on June 15, 1972, which granted the defendant's motion to vacate a default judgment which had been rendered on February 17, 1972.

■■ The only question on appeal is whether the trial court erred in granting the motion on the ground that the plaintiff named in the default judgment lacked the legal capacity to sue.

■■ In *In re Annexation of Certain Territory*, 37 Ill.App.2d 255 at 263, the court stated:

"The Civil Practice Act requires that a party shall set forth in the body of his pleading the names of all parties for whom relief is thereby sought. Ill. Rev. Stat., ch. 110, § 21(4) (1961). There must be a party possessed of legal entity as a natural, artificial or quasi-artificial person. See *Vukovich v. Custer*, 347 Ill.App. 547."

■■ The present judgment was rendered in the name of the "Alton Evening Telegraph", which is not the name of a natural or artificial person having the capacity to sue. There are no facts, properly before this court, that identify an entity capable of suing. The legal entity, Alton Telegraph Printing Co., cannot properly be made a party to the suit merely because its name appears in an exhibit attached to the complaint. (*Fetherston v. National Republic Bancorp*, 280 Ill.App. 151.) A lawyer should know his client when he files his suit. (*In re Annexation of Certain Territory*, 37 Ill.App.2d 255.) A suit brought in a name which is not that of a natural person, a corporation or of a partnership is a mere nullity; and, in such a case, it has been held that the whole action fails. 67 CJS, par. 4; 59 Am.Jur.2d, par. 21; *Godair v. Case*, 220 Ill.App. 348.

Affirmed.

EBERSPACHER, P. J., and JONES, J., concur.