NORMAN GLASSBERG, Plaintiff-Appellee, v. IRA WARSHAWSKY *et al.*, Defendants and Third-Party Plaintiffs (Jordan Stein *et al.*, Defendants-Appellants; 1030 Building Partnership, Third-Party Plaintiff-Appellant; William Kritt, d/b/a William Kritt and Company, Third-Party Defendant-Appellee).

First District (1st Division)   No. 1—92—3561

Opinion filed August 8, 1994.

Beermann, Swerdlove, Woloshin, Barezky, Becker, Genin & London, of Chicago (Alvin R. Becker and Timothy M. Kelly, of counsel), for appellants.

Burke, Warren & MacKay, P.C., of Chicago (Richard W. Burke and Andrew D. James, of counsel), for appellee Norman Glassberg.

Tenney & Bentley, of Chicago (Richard J. Cochran, of counsel), for appellee William Kritt.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendants Jordan and Lloyd Stein and the American National Bank and Trust Company, as trustee under a trust agreement dated September 10, 1985, known as trust No. 65480 (the Stein defendants) and the 1030 Building Partnership (1030) appeal orders of the circuit court of Cook County granting judgment on the pleadings to third-party defendant William Kritt, d/b/a William Kritt & Company (Kritt), thereby entitling Kritt to a broker's commission in a real estate transaction that formed the basis of underlying litigation involving plaintiff Norman Glassberg, defendants Ira, Ted and Leroy Warshawsky and the 1030 Building Partnership (the Warshawsky defendants), and the Stein defendants.

The record on appeal indicates the following facts. On October 2, 1985, Glassberg filed a complaint alleging that the Warshawsky

defendants agreed to sell Glassberg an improved property located at 1030 North Avenue; a copy of said contract was attached as an exhibit to the complaint. On February 18, 1986, Glassberg filed an amended complaint that also named the Stein defendants. The amended complaint alleged that while the contract between Glassberg and the Warshawsky defendants contained a closing date of September 1, 1985, the parties orally agreed to extend the closing date to October so that Glassberg could finance the purchase with industrial revenue bonds. Glassberg alleged that the Warshawsky defendants breached the oral agreement by declaring Glassberg in default on September 7, 1985. Glassberg further alleged that the Warshawsky defendants sold the property to the Stein defendants in September 1985. Glassberg sought specific performance of the contract with the Warshawsky defendants and sought damages from the Stein defendants for tortious interference with contract.

The defendants filed their answers, denying the material allegations of the amended complaint. On March 24, 1986, the Warshawsky defendants filed a third-party complaint against Kritt, the broker that represented the Warshawsky defendants in their dealings with Glassberg. The Warshawsky defendants alleged that Kritt's agent violated instructions by granting an extension of the closing date. The Warshawsky defendants also alleged that Kritt refused to remit earnest money held in connection with the Glassberg contract. Kritt later filed an answer denying that it had violated instructions or exceeded authority regarding the closing date.

On November 10, 1988, the trial court entered an order finding against Glassberg on the claim of tortious interference with contract, but granting Glassberg specific performance of his contract with the Warshawsky defendants. The trial court also found in favor of Kritt on the third-party complaint. The trial court further ruled that the Stein defendants were entitled to a credit from Glassberg in the amount of the fair market value of improvements to the property less the fair market value of rent. The parties then continued to dispute the amount of the Stein defendants' credit until June 1990, when the parties agreed to settle the case.

The parties attempted to effectuate a like-kind exchange, but were unsuccessful in reaching an agreement. The parties ultimately agreed that the Stein defendants would pay Glassberg $1.4 million by January 2, 1991. Glassberg filed a motion to enforce the settlement agreement on January 9, 1991. The trial court entered orders on January 23, 1991, indicating that the case had been settled and that Glassberg and the Stein defendants agreed to dismissal of the case with prejudice.

On January 28, 1991, Kritt filed a petition to modify or vacate the order of dismissal. Kritt claimed that it was entitled to a broker's commission based on the trial court's November 10, 1988, order granting Glassberg specific performance of the contract. On January 30, 1991, the trial court entered an agreed order granting Kritt leave to file a petition for payment of the commission. On January 31, 1991, Kritt filed a petition for payment of the commission, requesting a disposition of the earnest money as well as judgment against plaintiff and defendants for the amount of the commission.

Glassberg filed a response that denied that the property had been conveyed under the November 10, 1988, order. The Stein defendants filed a motion to dismiss Kritt's petition, arguing that: (1) Kritt was not a party to the action; (2) Kritt did not file its petition until after the case had been dismissed with prejudice; and (3) the petition asserted no basis for collecting from the Stein defendants. On June 12, 1991, Kritt filed an amended petition that claimed the Stein defendants were liable for the commission under an indemnity agreement between the Stein defendants and the Warshawsky defendants; the indemnification agreement was attached as an exhibit to the amended petition.

On September 4, 1991, Kritt moved for judgment on the pleadings against the Warshawsky defendants, arguing that they had not denied the allegations of the petition for payment. The Warshawsky defendants filed a response that denied they breached the real estate contract and argued that the November 10, 1988, order was a nullity. On October 30, 1991, the trial court entered judgment in favor of Kritt and against the Warshawsky defendants in the amount of $51,000, but reserved the issue of prejudgment interest and stayed execution of the judgment pending further order of the court.

On December 16, 1991, the Warshawsky defendants filed a petition for indemnification from the Stein defendants. Relying on the settlement agreement, the Stein defendants responded that if any commission was due, it should be paid from the earnest money, with the balance going to the Warshawsky defendants. The Stein defendants' response indicates that the amended settlement agreement, entered into following the Stein defendants' initial failure to pay the settlement, expressly excluded claims involving Kritt and the disposition of the earnest money, but stated that this portion of the amended agreement was not bargained for nor expressly disclosed (though the Stein defendants also indicated that they were not impugning the motive of Glassberg's counsel, who drafted the amended agreement).

On April 7, 1992, the trial court issued a memorandum opinion

and order indicating that Glassberg was entitled to the earnest money and that the Stein defendants were required to indemnify the Warshawsky defendants for the full amount of the commission due to Kritt. On April 14, 1992, Kritt filed a motion to modify the April 7, 1992, order, requesting prejudgment interest and requesting that judgment for the commission be entered directly against the Stein defendants. The Stein defendants responded that judgment was improper because they were not in privity with Kritt and because the judgment rested on the November 10, 1988, order which the Stein defendants claim merged with the January 23, 1991, order by operation of law. The Stein defendants also contended that an award of prejudgment interest was not warranted by contract or statute.

On October 5, 1992, the trial court denied Kritt's request for prejudgment interest, but entered judgment in favor of Kritt and against the Stein defendants in the amount of $51,000. The Stein defendants filed a timely notice of appeal from the April 7, 1992, and October 5, 1992, orders; Kritt filed a timely notice of cross-appeal.

Given the nature of the arguments presented by both sides on appeal, it may be useful at this juncture to briefly summarize the basic chronology of the case in tabular form:

| | |
|---|---|
| 10/2/85: | Glassberg complaint filed. |
| 2/18/86: | Amended complaint naming Stein defendants filed. |
| 3/24/86: | Warshawsky defendants file third-party complaint against Kritt. |
| 11/10/88: | Trial court enters order against Glassberg on tortious interference claim, but grants specific performance; trial court finds in favor of Kritt on third-party claim; credit due the Stein defendants and other issues remained unresolved. |
| 1/23/91: | Trial court enters orders approving settlement and dismissing the case with prejudice. |
| 1/28/91: | Kritt files petition to vacate or modify the order of dismissal. |
| 1/30/91: | Trial court enters agreed order granting Kritt leave to file petition for payment of commission. |
| 1/31/91: | Kritt files petition for payment of commission. |
| 9/4/91: | Kritt moves for judgment on the pleadings. |
| 10/30/91: | Trial court enters judgment in favor of Kritt as against the Warshawsky defendants. |
| 12/16/91: | Warshawsky defendants file petition for indemnification from the Stein defendants. |

| | |
|---|---|
| 4/7/92: | Trial court rules that Glassberg is entitled to earnest money and that Stein defendants must indemnify Warshawsky defendants for amount of commission due Kritt. |
| 4/14/92: | Kritt files motion to modify April 7, 1992, order, requesting prejudgment interest and for judgment directly against the Stein defendants. |
| 10/5/92: | Trial court denies Kritt's request for prejudgment interest, but enters judgment directly against the Stein defendants. |

## I

■ Initially, the Stein defendants and Kritt argue that this court lacks jurisdiction to hear each other's appeal. Relying on *Alton Evening Telegraph v. Doak* (1973), 11 Ill. App. 3d 381, 296 N.E.2d 605, the Stein defendants argue that Kritt lacked standing to seek post-judgment relief because "William Kritt & Company" is an assumed business name and is not an entity with the legal capacity to sue. However, in *Alton Evening Telegraph*, there were no facts properly before the court identifying the *plaintiff* as an entity with legal capacity to sue. (*Alton Evening Telegraph*, 11 Ill. App. 3d at 382, 296 N.E.2d at 605.) In this case, Kritt was a third-party defendant properly identified and brought into the proceedings as an individual doing business under an assumed name. Thus, the proceedings in this case were not a nullity.

■ The Stein defendants also argue that the jurisdiction of the trial court lapsed because Kritt's motion to vacate or modify the January 23, 1991, dismissal of the case did not attack the judgment. (See *Beck v. Stepp* (1991), 144 Ill. 2d 232, 579 N.E.2d 824; *Andersen v. Resource Economics Corp.* (1990), 133 Ill. 2d 342, 549 N.E.2d 1262.) In *Beck*, a letter to a judge was deemed not a proper post-trial motion. (*Beck*, 144 Ill. 2d at 242, 579 N.E.2d at 829.) In *Andersen*, a request for leave to file a third amended complaint was deemed not a proper post-trial motion. (*Andersen*, 133 Ill. 2d at 346-47, 549 N.E.2d at 1264.) This case involves a petition to modify or vacate the trial court's order and thus is not governed by *Beck* or *Andersen*.

■ Kritt argues that this court lacks jurisdiction to entertain the Stein defendants' argument that Kritt was not entitled to a commission because the notice of appeal filed by the Stein defendants and 1030 does not specify the October 30, 1991, order granting judgment in favor of Kritt against the Warshawsky defendants. Illinois Supreme Court Rule 303 provides that the notice of appeal "shall specify the judgment or part thereof appealed from and the relief sought from the reviewing court." (134 Ill. 2d R. 303(c)(2).)

However, the notice of appeal is to be liberally construed as a whole. (*Jewel Cos. v. Serfecz* (1991), 220 Ill. App. 3d 543, 547, 581 N.E.2d 186, 189.) An appeal from an unspecified judgment is not waived where: (1) the deficiency is one of form rather than substance; or (2) the unspecified judgment is a step in the procedural progression leading to the judgment specified in the notice of appeal. (*Jewel Cos.*, 220 Ill. App. 3d at 547-48, 581 N.E.2d at 189.) Kritt maintains that the order entering judgment against the Warshawsky defendants was a substantive element of its claim against the Stein defendants, but was not a step in the procedural progression leading to that judgment.

Kritt's argument proves too much. Our supreme court has stated that an appeal from a final judgment draws into issue all prior nonfinal orders which produced the final judgment. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433, 394 N.E.2d 380, 382.) *Burtell* also suggests that an unspecified order may be reviewed where the specified order directly relates back to the judgment or order sought to be reviewed. (See *Burtell*, 76 Ill. 2d at 434-35, 394 N.E.2d at 383.) In this case, the orders specified in the notice of appeal refer to and are based on the prior, unspecified order. Moreover, even though the individual Warshawsky defendants are not parties to this appeal, the Stein defendants' liability is predicated on the judgment against the Warshawsky defendants and therefore may be challenged by the Stein defendants as a judgment adverse to their interest. *Cortes v. Ryder Truck Rental, Inc.* (1991), 220 Ill. App. 3d 632, 637, 581 N.E.2d 1, 3, *appeal dismissed* (1992), 143 Ill. 2d 637, 587 N.E.2d 1013.

## II

We therefore turn to the challenge to the order entering judgment in favor of Kritt against the Warshawsky defendants. The October 30, 1991, order was entered pursuant to Kritt's motion for judgment on the pleadings, filed pursuant to section 2—615(e) of the Illinois Code of Civil Procedure (735 ILCS 5/2—615(e)). When considering a motion for judgment on the pleadings, the trial court must determine whether the pleadings, construed most favorably against the movant, present a material question of fact that may prevent entry of judgment in favor of the movant. See *Daymon v. Hardin County General Hospital* (1991), 210 Ill. App. 3d 927, 932, 569 N.E.2d 316, 319.

Kritt's petition alleged that: the trial court ordered specific performance of the Glassberg contract on November 10, 1988; the Glassberg contract provided for a commission of "6% of the sale price"; the Warshawsky defendants breached the Glassberg contract; and Glassberg, the Warshawsky defendants and the Stein defendants settled and dismissed their case on January 23, 1991. On appeal, the Stein defendants rely on the Warshawsky defendants' denial that

they breached the contract or owed Kritt a commission. The Stein defendants also point to the Warshawsky defendants' contention that the January 23, 1991, dismissal order superseded the November 10, 1988, order. The Stein defendants further point to Glassberg's response to Kritt's motion for judgment on the pleadings, which stated that no sale occurred pursuant to the contract or the November 10, 1988, order.

Generally, when a suit is dismissed with prejudice pursuant to a settlement agreement, all claims and causes of action are merged with that dismissal, which operates as an adjudication on the merits. (See, *e.g.*, *Brandenberry Park East Apartments v. Zale* (1978), 63 Ill. App. 3d 253, 259, 379 N.E.2d 674, 679.) However, in this case, Kritt moved to have the orders approving the settlement and dismissing the case vacated or modified. A trial court may enter an order that approves a settlement without precluding a third-party claim such as that presented here. (See *Granville Beach Condominium Association v. Granville Beach Condominiums, Inc.* (1992), 227 Ill. App. 3d 715, 720-21, 592 N.E.2d 160, 163-64.) Thus, a trial court may modify an order to the same effect. That the trial court did not formally do so here is a defect of form, rather than substance, and does not warrant a reversal in this case.

The question remains whether Kritt may rely on the November 10, 1988, order to establish that the Warshawsky defendants breached the contract or whether the denial made by the Warshawsky defendants may preclude judgment on the pleadings. As noted above, the purpose of a motion for judgment on the pleadings is to determine whether there is a triable issue of fact. Whether the Warshawsky defendants breached the contract was a triable issue of fact, but the November 10, 1988, order, which was attached as an exhibit to Kritt's petition, indicates this issue had been tried. The November 10, 1988, order was not final and appealable because ancillary matters remained pending, but the trial court's adjudication of the case was the status quo prior to the January 23, 1991, dismissal order that Kritt sought to vacate or modify.

The Stein defendants, by relying on the Warshawsky defendants' denial of a breach of contract, essentially seek to relitigate an issue decided in a proceeding in which the Stein defendants were participating parties. Our supreme court has indicated that, absent a denial of participation and due process, it is a "fundamental rule" that an issue, once resolved, is binding on the parties to the proceeding. (*Central Illinois Public Service Co. v. Allianz Underwriters Insurance Co.* (1994), 158 Ill. 2d 218, 225-26, 633 N.E.2d 675, 678-79.) Thus, a denial of a party in a pleading cannot create a triable issue of fact once the issue has been adjudicated.

■ The trial court did not err in relying on its prior determination of November 10, 1988, but there remains the question of whether it could grant judgment on the pleadings regarding Kritt's alleged entitlement to a commission. The real estate sales contract at issue is attached as an exhibit to Kritt's petition to modify or vacate; thus, it is part of the pleadings. (See, *e.g.*, *Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 804, 473 N.E.2d 78, 84.) This contract provides that Kritt is to receive 6% of the sale price as a commission. The Stein defendants maintain that no commission is due because no sale occurred and the parties settled their dispute, thereby rescinding the contract.

It is well established that a broker's commission is earned once a ready, willing and able buyer is produced, and once a seller enters into an enforceable sales contract with a purchaser procured by a broker, the broker's right to a commission accrues, regardless of whether the sale is completed. (*Hallmark & Johnson Properties, Ltd. v. Taylor* (1990), 201 Ill. App. 3d 512, 516, 559 N.E.2d 141, 144-45.) Moreover, the readiness, willingness and ability of the buyer and the enforceability of the contract had been adjudicated at trial. Thus, given the record on appeal, the trial court did not err in granting judgment on the pleadings on this issue.

### III

■ The final issue on appeal is whether the pleadings entitled Kritt to a judgment in the amount of the commission directly against the Stein defendants. The Stein defendants claim the trial court erred in ruling that Kritt was a third-party beneficiary of the indemnification agreement between the Stein defendants and the Warshawsky defendants. In order to recover as a third-party beneficiary of a contract, a party must show that he or she is a direct, rather than incidental, beneficiary of the contract. (See *155 Harbor Drive Condominium Association v. Harbor Point Inc.* (1991), 209 Ill. App. 3d 631, 646, 568 N.E.2d 365, 374.) A third party is a direct beneficiary when the contracting parties have manifested an intent to confer a benefit on the third party. *155 Harbor Drive*, 209 Ill. App. 3d at 646, 568 N.E.2d at 374.

In this case, the technical rules regarding third-party beneficiaries would appear to render Kritt an incidental beneficiary to the indemnification agreement. The mere fact that the agreement mentions the possibility of a claim raised by Kritt does not mean that the parties intended to directly benefit Kritt. However, a court acting in equity may enter a decree adjudicating all matters in controversy so as to avoid multiple litigation and do full and complete

justice. (*E.g., David v. Russo* (1983), 119 Ill. App. 3d 290, 456 N.E.2d 342.) The Stein defendants could not have raised their objection if the trial court had merely entered an order directing them to pay the Warshawsky defendants and directing the Warshawsky defendants to pay Kritt. Thus, any error in entering judgment directly against the Stein defendants in this case does not warrant reversal on appeal.

## IV

■ Kritt cross-appeals the decision of the trial court denying Kritt prejudgment interest on the commission, pursuant to section 2 of the Illinois Interest Act (815 ILCS 205/2 (West 1992)). Kritt relies on *Emerich v. Leviton* (1983), 117 Ill. App. 3d 832, 454 N.E.2d 45. However, in *Emerich*, the seller, buyer and broker all initialled a provision of the sales contract regarding the commission, which rendered it an "instrument in writing" evidencing indebtedness within the scope of section 2 of the Illinois Interest Act. In this case, there is no such mutual assent. The sales contract was not signed by either Kritt or the Stein defendants. Moreover, Kritt urges that prejudgment interest be measured from the date that the sale would have closed, but for the breach. However, it is apparent that the closing date in this case would be the date created by the oral modification of the contract, which presents problems in establishing a claim based on an "instrument in writing." Consequently, the trial court did not err in refusing to award Kritt prejudgment interest.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

O'CONNOR and MANNING, JJ., concur.