THOMAS A. RUANE *et al.*, Plaintiffs-Appellants, v. DENISE AMORE *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—95—1353

Opinion filed March 14, 1997.

466

James McClure, of Elmhurst, for appellants.

Fiore W. Dinovi, of Fiore Dinovi & Associates, of West Chicago, for appellees Denise Amore, Annette S. Smith, and Susan E. Price.

JUSTICE SOUTH delivered the opinion of the court:

Plaintiffs, Thomas A. Ruane and Kathleen P. Ruane, filed a four-count second amended complaint against defendants, Denise Amore,

Annette S. Smith, Susan E. Price (sellers), Baird & Warner, Inc. (Baird & Warner), Richard G. Larsen and Curtis Edlund (Larsen & Edlund), alleging fraudulent misrepresentation. Plaintiffs appeal the denial of their motions to reopen discovery and to disclose an expert witness, and the granting of defendants' motions for summary judgment.

On March 28, 1990, David A. Mohar (Mohar) entered into a real estate sales contract for the purchase of the residence from the sellers. The listing broker for this transaction was Baird & Warner. Attorneys Larsen and Edlund represented the sellers in the Mohar transaction.

In a letter dated June 12, 1990, to Larsen & Edlund from Mohar's attorney, Mohar claimed that a latent defect existed in the southwestern rear portion of the foundation at the residence and declined to complete the purchase. Larsen & Edlund filed a complaint against Mohar and Baird & Warner on behalf of the sellers for forfeiture of $14,200 earnest money deposited by Mohar with Baird & Warner.

The sellers ordered an inspection of the south basement wall and obtained a report dated July 16, 1990, from consulting structural engineers Rittweger & Tokay, Inc. The report concluded that "the south wall of the building is structurally sound." Thereafter, the residence was placed back on the market for sale.

On or about October 1, 1990, plaintiffs examined the residence as prospective purchasers and noticed that there were two different colors of brick on the outside of the residence. In response to their questions regarding the brick, plaintiffs were given a copy of the Rittweger & Tokay, Inc., report by Baird & Warner. After receiving the report and having their questions regarding the brick answered to their satisfaction, plaintiffs took no further action to investigate the condition of the south basement wall. Plaintiffs were not informed of the Mohar letter of June 12, 1990, or the pending Mohar litigation.

On November 7, 1990, Mohar filed his answer to the complaint filed by the sellers for forfeiture of the $14,200 earnest money. Mohar's answer included two affirmative defenses. The first affirmative defense alleged a mutual mistake of fact regarding the existence of an alleged latent defect in the southwestern rear portion of the residence. The second affirmative defense alleged fraud and misrepresentation with respect to statements made by the sellers, *i.e.*, that the foundation cracking in the southwestern rear portion of the residence had been completely remedied and appropriately repaired.

On November 13, 1990, the closing took place transferring the title to and possession of the residence from sellers to plaintiffs. At

the closing, the sellers submitted an affidavit of title to plaintiffs that was notarized by Larsen & Edlund.

On November 19, 1991, the circuit court entered an order in the Mohar action. The circuit court denied Mohar's second affirmative defense alleging fraud and misrepresentation. The circuit court granted Mohar's first affirmative defense alleging a mutual mistake of fact and entered judgment in favor of Mohar and against the sellers.

Plaintiffs learned of the Mohar litigation when Thomas Ruane was called as a witness in that lawsuit. Thereafter, plaintiffs instituted this action.

Through the course of discovery, plaintiffs were served with interrogatories requesting disclosure of expert witnesses pursuant to Supreme Court Rule 220 (134 Ill. 2d. R. 220 (repealed eff. January 1, 1996 (Official Reports Advance Sheet No. 20 (September 27, 1995)))). Plaintiffs responded by stating that they had not retained an expert to testify on their behalf.

On September 22, 1994, the circuit court entered an order providing that discovery would cut off on December 15, 1994, that a pretrial was set for December 22, 1994, and that the case was set for trial on January 25, 1995.

During the pretrial, after discovery closed, plaintiffs motioned to reopen discovery and to disclose an expert witness. The circuit court denied plaintiffs' motions. Defendants filed summary judgment motions to dismiss plaintiffs' second amended complaint under section 2—1005(b) of the Code of Civil Procedure (735 ILCS 5/2—1005(b) (West 1994)). Following a hearing on the motions, the circuit court of Cook County granted defendants' motions for summary judgment and dismissed plaintiffs' second amended complaint. Plaintiffs appeal the denial of their motions to reopen discovery and to disclose an expert witness, and the granting of defendants' motions for summary judgment.

## OPINION

Plaintiffs have moved to supplement the record on appeal with a copy of the motion for disclosure of an expert witness. It is requested that this court permit the copy of the written disclosure to supplement the record in accordance with Supreme Court Rule 329 (134 Ill. 2d R. 329). This motion includes an exhibit of a proposal prepared by the plaintiffs' proffered expert witness, E.L. Knight, mason contractor (Knight).

■ Rule 329 authorizes supplementation of the record only with documents that were actually before the circuit court, and exhibits

that were never filed in the circuit court or considered by the trial judge will not be considered on appeal. *Palmros v. Barcelona*, 284 Ill. App. 3d 642, 645, 672 N.E.2d 1245 (1996), citing *Prochnow v. El Paso Golf Club, Inc.*, 253 Ill. App. 3d 387, 625 N.E.2d 769 (1993). A copy of plaintiffs' motion to disclose an expert witness is already in the record. In this respect, the motion is moot. The attached exhibit of the proposal prepared by plaintiffs' proffered expert witness, Knight, was not before the circuit court. Since our review is limited to matters of record, the motion to supplement the record with this exhibit is denied.

Plaintiffs contend that the circuit court's denial of their December 22, 1994, motions to reopen discovery and to disclose an expert witness resulted in a manifest injustice and, therefore, was an abuse of discretion. Baird & Warner and Larsen & Edlund contend that plaintiffs have waived this issue because, contrary to Supreme Court Rule 303 (134 Ill. 2d R. 303), plaintiffs did not make reference to or include these orders in their notice of appeal.

Illinois Supreme Court Rule 303 provides that the notice of appeal "shall specify the judgment or part thereof appealed therefrom and the relief sought from the reviewing court." 134 Ill. 2d R. 303(c)(2). However, the notice of appeal is to be liberally construed as a whole. *Glassberg v. Warshawsky*, 266 Ill. App. 3d 585, 638 N.E.2d 749 (1994). The purpose of a notice of appeal is to inform the party prevailing in the trial court that the opposing party seeks review of the judgment; to this end, where the notice sufficiently sets forth the judgment complained of and the relief sought, mere formal defects will not deprive this court of jurisdiction. *Taylor v. Peoples Gas Light & Coke Co.*, 275 Ill. App. 3d 655, 656 N.E.2d 134 (1995). An appeal from a final judgment draws into issue all prior nonfinal orders that produced the final judgment. *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 433, 394 N.E.2d 380, 382 (1979). Thus, an unspecified judgment is reviewable if it is a " 'step in the procedural progression leading to the judgment specified in the notice of appeal.' " *Taylor*, 275 Ill. App. 3d at 659, quoting *Burtell*, 76 Ill. 2d at 435, 394 N.E.2d at 383.

In the present case, plaintiffs specifically appealed from the order of March 15, 1995, granting motions for summary judgment as to all defendants. The December 22, 1994, orders denying plaintiffs' motions to reopen discovery and to disclose an expert witness was a step in the procedural progression culminating in the granting of the motions for summary judgment. Accordingly, the notice of appeal fairly apprised defendants of the March 15, 1995, order appealed and was sufficient to confer jurisdiction over the December 22, 1994, orders.

In support of plaintiffs' contention that the denial of the December 22, 1994, motions was an abuse of the circuit court's discretion, plaintiffs argue that in answering interrogatories propounded by defendants and during the deposition testimony of Thomas Ruane, Knight was disclosed by plaintiffs; that the prejudicial effect of the lack of expert testimony is great; that plaintiffs did not act in bad faith and that since Knight had not been retained as an expert witness, his disclosure was not required to be divulged 60 days prior to the trial date.

■ Rule 220(b)(1) provides:

"Where the testimony of experts is reasonably contemplated, the parties will act in good faith to seasonably:

(i) ascertain the identity of such witnesses, and

(ii) obtain from them the opinions upon which they may be requested to testify.

*** [A]s to all expert witnesses not previously disclosed, the trial court, on its own motion, or on the motion of any party after the first pretrial conference, shall enter an order scheduling the dates upon which all expert witnesses, including rebuttal, shall be disclosed. *** Failure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." 134 Ill. 2d R. 220(b)(1) (repealed eff. January 1, 1996 (Official Reports Advance Sheet No. 20 (September 27, 1995))).

■ Initially, we note that a trial court is afforded great latitude in ruling on discovery matters. *Maxwell v. Hobart Corp.*, 216 Ill. App. 3d 108, 576 N.E.2d 268 (1991). The decision as to whether to reopen discovery rests in the sound discretion of the circuit court, and this court will not disturb such rulings on appeal absent a showing of abuse of discretion. *Cometo v. Foster McGaw Hospital*, 167 Ill. App. 3d 1023, 522 N.E.2d 117 (1988). Furthermore, the imposition of sanctions for the noncompliance of discovery rules and court orders rests largely within the sound discretion of the circuit court and will not be disturbed on review absent a clear abuse of that discretion. *Blott v. Hanson*, 283 Ill. App. 3d 656, 670 N.E.2d 345 (1996). However, sanction orders are to be imposed only when the noncompliance is unreasonable and the order entered is just. *Blott*, 283 Ill. App. 3d 656, 670 N.E.2d 345. In determining whether noncompliance is unreasonable, the standard is whether the offending party's conduct was the result of a deliberate and pronounced disregard for court rules. *Polk v. Cao*, 279 Ill. App. 3d 101, 664 N.E.2d 276 (1996). In determining the propriety of discovery sanctions, factors to be considered include: (1) the surprise to the opposing party; (2) the prej-

udicial effect of the testimony; (3) the diligence of the opposing party in seeking discovery; (4) timely objection to the testimony; and (5) the good faith of the party offering the testimony. *Polk*, 279 Ill. App. 3d 101, 664 N.E.2d 276. While the circuit court may impose necessary sanctions to accomplish discovery, it may not impose sanctions that are intended primarily as punishment. *Blott*, 283 Ill. App. 3d 656, 670 N.E.2d 345.

■ Once the trial court has imposed a sanction for noncompliance with a discovery rule, the sanctioned party bears the burden of establishing that the noncompliance was reasonable or justified by extenuating circumstances or events. *H&H Sand & Gravel Haulers Co. v. Coyne Cylinder Co.*, 260 Ill. App. 3d 235, 632 N.E.2d 697 (1994). Rule 220 allows a court to set its own cutoff dates for the disclosure and discovery of an expert and to bar an expert whose disclosure does not comply with the court-set deadlines. *Knight v. Haydary*, 223 Ill. App. 3d 564, 585 N.E.2d 243 (1992). Here, the discovery cutoff date was set by court order September 22, 1994. Through the course of discovery, plaintiffs were served with interrogatories requesting disclosure of expert witnesses pursuant to Rule 220. However, plaintiffs did not disclose Knight as an expert witness and responded that they had not retained an expert witness to testify on their behalf.

In addition, the prejudicial effect of the lack of Knight's testimony was slight considering the testimony of an expert was not the determining factor in the circuit court's decision in granting defendants' motions for summary judgment. The determining factor was that plaintiffs received a copy of the Rittweger & Tokay report disclosing the condition of the south basement wall prior to plaintiffs' purchasing the residence.

■ The question of whether a witness must be disclosed as an expert under Rule 220 depends on the expert's relationship to the case. *Wakeford v. Rodehouse Restaurants of Missouri, Inc.*, 154 Ill. 2d 543, 610 N.E.2d 77 (1992). If the expert is intimately involved in the underlying facts giving rise to the litigation and he would reasonably be expected to form an opinion through that involvement, then disclosure is not required. In such a case, the opposing party is unlikely to be surprised by the testimony. On the other hand, where the expert's contact with the case is slight, or where the opinion rendered is unrelated to the expert's involvement in the case, then disclosure is required. *Wakeford*, 154 Ill. 2d 543, 610 N.E.2d 77.

■ We find that because Knight's contact with the case was slight, Knight was a "retained expert" under Rule 220 and his disclosure was required. Rule 220, requiring disclosure of expert witnesses, was designed to eliminate late or surprise disclosures of expert witnesses

by establishing a uniform, but not inflexible, framework for timely revelation of identity of expert witnesses and the subject matter of their testimony. *Sohaey v. Van Cura*, 240 Ill. App. 3d 266, 607 N.E.2d 253 (1992). Knight was one of several experts who examined the south basement wall at the residence. Plaintiffs did not disclose whether Knight, or one or more of the other experts who examined the south basement wall, would testify.

Furthermore, notwithstanding whether plaintiffs had identified Knight as an expert witness, plaintiffs failed to offer what Knight's opinion was or what his testimony might be. A party may not resist a motion for summary judgment simply by identifying potential trial witnesses and then failing to determine what their opinions are or what their testimony might be. *Addison v. Whittenberg*, 124 Ill. 2d 287, 529 N.E.2d 552 (1988).

Moreover, our supreme court, in *Tzystuck v. Chicago Transit Authority*, 124 Ill. 2d 226, 529 N.E.2d 525 (1988), stated that Rule 220 obligates litigants to. disclose the identity and opinions of those witnesses who are engaged for the purpose of giving an expert opinion at trial. Therefore, plaintiffs seeking to call experts as witnesses are required to disclose them as "experts," even if plaintiffs did not "retain" them. *Neal v. Nimmagadda*, 279 Ill. App. 3d 834, 665 N.E.2d 424 (1996).

Under these circumstances, plaintiffs have not established that their noncompliance with Rule 220 was reasonable or justified by extenuating circumstances. Accordingly, the circuit court did not abuse its discretion in denying plaintiffs' motions to reopen discovery and to disclose an expert witness.

Plaintiffs next contend that a genuine issue of material fact exists; therefore, the circuit court erred in granting defendants' motions for summary judgment. In support of this contention, plaintiffs argue that the November 19, 1991, order entered in the Mohar case is admissible to show the existence of a latent defect; that Ruth Amore admitted the existence of a defect in the southwest part of the basement during her deposition testimony; and that Thomas Ruane testified as to the existence of a defect at the residence during his deposition testimony.

■ In Illinois, as a general rule, summary judgment is to be encouraged as an aid to the expeditious disposition of a lawsuit. *Bryant v. Glen Oaks Medical Center*, 272 Ill. App. 3d 640, 650 N.E.2d 622 (1995). Appellate review of an order granting summary judgment is *de novo*. *Nelson v. Thomas*, 282 Ill. App. 3d 818, 668 N.E.2d 1109 (1996). Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a

matter of law. *La Salle National Bank v. Skidmore, Owings & Merrill*, 262 Ill. App. 3d 899, 635 N.E.2d 564 (1994). To determine if there is a genuine issue of material fact, the court examines the pleadings, together with any depositions, admissions, or affidavits on file. A reviewing court views the evidence in a light most favorable to the nonmovant, and if no facts are in dispute, the court may draw inferences to determine if respondent is entitled to judgment as a matter of law. If no fair-minded person could draw inferences from these facts, then there is no triable issue and the motion for summary judgment should be granted. *Nelson*, 282 Ill. App. 3d 818, 668 N.E.2d 1109; *Estate of Dompke v. Dompke*, 186 Ill. App. 3d 930, 933, 542 N.E.2d 1222, 1223 (1989). A reviewing court may sustain the decision of the circuit court on any grounds called for by the record, regardless of whether the circuit court made its decision on a proper ground. *Bryant*, 272 Ill. App. 3d 640, 650 N.E.2d 622. Plaintiffs' second amended complaint states as follows: In count I, plaintiffs allege that the sellers committed fraud in failing to disclose a prior lawsuit and a latent defect that existed at the residence purchased by plaintiffs from the sellers. Plaintiffs allege that Baird & Warner committed fraud in failing to disclose the prior lawsuit and a latent defect that existed at the residence, and that in failing to disclose the prior lawsuit and this latent defect, they violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1994)). Plaintiffs also allege that Larsen & Edlund committed fraud in failing to disclose the prior lawsuit and the latent defect that existed at the residence.

Plaintiffs contend that the existence of an alleged latent defect can be shown by the November 19, 1991, order entered in the Mohar litigation. Plaintiffs cite as authority 29A Am. Jur. 2d *Judgments* § 1330 (1994), which provides:

"A judgment is generally admissible in evidence in a subsequent action if it is relevant to an issue in it. *** However, a judgment is admissible only to prove the fact that a judgment was rendered, the time of its rendition, and the terms and effect of the judgment. The record of the case may *not* be introduced for the purpose of proving the facts on which the judgment was based." (Emphasis added.) 29A Am. Jur. 2d *Judgments* § 1330 (1994).

This authority negates rather than promotes plaintiffs' proposition. The November 19, 1991, judgment entered in the Mohar litigation is admissible only for the limited purpose of showing that judgment was entered, the time it was entered and its terms and legal effect. The judgment may *not* be introduced for the purpose of providing facts on which the judgment was based.

In addition, notwithstanding the deposition testimony of Ruth Amore and Thomas Ruane as to the existence of a latent defect, since neither qualifies to formulate an expert opinion regarding whether such condition exists, the circuit court did not err in determining that plaintiffs failed to raise facts to sustain defendants' motions for summary judgment. When the nature of the defect and its existence are beyond the jury's common understanding and experience, expert testimony is necessary to establish a defect. *Baltus v. Weaver Division of Kidde & Co.*, 199 Ill. App. 3d 821, 557 N.E.2d 580 (1990).

■ In the present case, plaintiffs allege that "the foundation and structure of the residence [were] defective" and "the defective part of the structure was unstable and in danger of collapse." In determining whether conditions exist as alleged by plaintiffs, specialized knowledge or expertise in structural engineering, outside a jury's common understanding and experience, is required. Without expert testimony as to the condition of the foundation and structure of the residence, a jury may simply speculate whether a latent defect exists. A jury may not speculate whether a latent defect exists when the nature and existence of the defect are beyond their common understanding and experience. *Baltus*, 199 Ill. App. 3d 821, 557 N.E.2d 580. Accordingly, we find that expert testimony is required to establish whether a latent structural defect exists at the residence.

Finally, plaintiffs contend that there is evidence of fraudulent misrepresentation by defendants. In support of this contention, plaintiffs argue that defendants possessed knowledge of the existence of an alleged latent defect at the residence and concealed this condition from plaintiffs and that the sellers and Larsen & Edlund executed and presented an "Affidavit of Title" to plaintiffs at closing that did not disclose the Mohar litigation.

■ In order to prove concealment amounting to fraudulent misrepresentation, plaintiffs must prove: (1) concealment of material facts; (2) concealment was intended to induce false belief, under circumstances creating duty to speak; (3) an innocent party could not have discovered the truth through reasonable inquiry or inspection, or was prevented from making reasonable inquiry or inspection, and relied upon silence as misrepresentation that the fact did not exist; (4) concealed information was such that the injured party would have acted differently had it been aware of it; and (5) reliance by the person from whom the fact was concealed which led to his injury. *Williams v. Chicago Osteopathic Health Systems*, 274 Ill. App. 3d 1039, 654 N.E.2d 613 (1995). Here, the evidence does not establish concealment by defendants amounting to fraudulent misrepresentation.

■ The undisputed fact presented in the circuit court was that,

prior to signing the contract to purchase the residence, plaintiffs were provided a copy of an inspection report dated July 16, 1990, from consulting structural engineers, Rittweger & Tokay, Inc. The report indicated in relevant part:

> "There is some evidence of past settlement cracks in the south wall, and the masonry tends to bow inward at the junction between the brick and the foundation wall at grade."

The report concluded:

> "In conclusion, it is my educated guess that prior to your ownership of the above mentioned residence, major distress occurred to the south wall. Since the original brick color was not available, a substitution brick was used in reconstruction of part of the wall. It is also my opinion, that at this time, the south wall of the building is structurally sound."

Plaintiffs accepted this report, reviewed its contents and made no further inquiry or inspection to determine the condition of the south basement wall. There is no evidence that defendants concealed a material fact. Nor is there evidence that defendants' reliance on the Rittweger & Tokay, Inc., report was unjustified or that, given the report, defendants had knowledge of the existence of a latent structural defect.

Plaintiffs further contend that the execution and presentation of the affidavit of title are evidence that the sellers and Larsen & Edlund committed fraudulent misrepresentation. We disagree.

At the closing, pursuant to paragraph 16 of the contract "Evidence of Title," the sellers submitted an "Affidavit of Title" to the plaintiffs. Paragraph 5 of the affidavit states:

> "Since title date of April 17, 1990 in report on title issued by Attorney's Title Guaranty Fund, Inc., affiant has not done or allowed to be done anything that could in any way affect the title to the premises. No proceedings have been filed by or against affiant, nor has any judgment note or decree been rendered against affiant. Nor is there any judgment note or other instrument that can result in a judgment or decree against affiant within five days from this date."

The affidavit was notarized by the sellers' attorneys, Larsen & Edlund. The purpose of an affidavit of title is to show that one has good and merchantable title to convey at closing. *Seligman v. First National Investments, Inc.*, 184 Ill. App. 3d 1053, 540 N.E.2d 1057 (1989). The Mohar litigation was to obtain $14,200 earnest money deposited by Mohar with Baird & Warner. That litigation did not affect title or become a cloud on the title preventing conveyance of the residence. In light of the foregoing, we find that the circuit court correctly determined that plaintiffs failed to establish evidentiary facts establishing a fraudulent misrepresentation.

Although plaintiffs are not required to prove their case at the summary judgment stage, they are under a duty to present a factual basis that would arguably entitle them to judgment in their favor. *Connor v. Merrill Lynch Realty, Inc.*, 220 Ill. App. 3d 522, 581 N.E.2d 196 (1991). In this instance, plaintiffs have failed to present evidentiary facts to defeat defendants' motions for summary judgment. Accordingly, the order of the circuit court granting summary judgment as to all defendants is affirmed.

Affirmed.

HARTMAN, P.J., and HOURIHANE, J., concur.