**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210120-U

Order filed March 22, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| ROBERT A. FUSSNER, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Peoria County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0120 |
| | ) | Circuit No. 19-SC-2227 |
| INABIT SERVICES, | ) | |
| | ) | Honorable Michael D. Risinger, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHMIDT delivered the judgment of the court.
Justices Hauptman and McDade concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court erred when it denied defendant's motion to vacate a default judgment.

¶ 2     Plaintiff, Robert A. Fussner, obtained a default judgment against defendant, Inabit Services. Thereafter, Robert filed a citation to discover assets against John Hinton, the owner of Inabit Services. John filed a motion to vacate the default judgment contending that he had a meritorious defense to the complaint. The trial court denied the motion. John appeals. We reverse.

¶ 3                                        I. BACKGROUND

¶ 4        On December 4, 2019, Robert filed a small claims complaint against Inabit Services. The complaint alleged that Robert contacted "John Hinton with Inabit Services Towing and Recovery Team," for the transport of his 1963 Austin Mini Cooper S. John transported the vehicle to Robert's home. Robert followed John and his tow truck during transport and noticed the Mini Cooper had not been secured to the tow truck, which caused damage to the vehicle. Robert received a $3,860.31 check from Robert's insurance carrier. Robert sought monetary relief from John for the remaining unpaid damage to his vehicle.

¶ 5        Robert served the complaint on John personally. John did not answer the complaint, file an appearance, or appear in court.

¶ 6        On January 6, 2020, the court entered a default judgment against Inabit Services in the amount of $7,331.

¶ 7        On February 6, 2020, Robert filed a citation to discover assets against John. The record does not show that Robert ever properly served this citation. He filed a second citation to discover assets on July 27, 2020.

¶ 8        On July 30, 2020, Robert served John's attorney with summons for the citation to discover assets.

¶ 9        On August 20, 2020, John filed a special and limited appearance.

¶ 10        On September 9, 2020, John filed a motion to quash the citation to discover assets. John argued that Inabit Services was not a legal entity. In addition, the original complaint did not name John as a defendant. John claimed that he was the proper defendant, and that he settled the matter with Robert by tendering $1000 to Robert to settle the claim.

¶ 11        The court held a hearing on the motion. Robert admitted to receiving the $1000 check from John but denied that the check constituted settlement of the claim. He also argued that John owned

Inabit Services. The court acknowledged that the complaint named Inabit Services as defendant, and Inabit Services was not a legal entity. However, John did business as Inabit Services. In addition, the court found John's challenge to the discrepancy in the named defendant to be untimely. Therefore, the court denied the motion to quash, but ordered Robert to serve John personally with the citation to discover assets.

¶ 12        On October 5, 2020, Robert filed a third citation to discover assets against John.

¶ 13        On November 13, 2020, Robert issued summons of the citation to discover assets. It is unclear when Robert served John with summons, but on December 3, 2020, John's attorney entered an appearance on his behalf.

¶ 14        On February 22, 2021, John filed a motion to vacate the default judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)). John argued that his failure to answer the original complaint was a result of him not being a named defendant. In addition, John believed he resolved the matter with Robert when he provided Robert with a $1000 check as a settlement.

¶ 15        John did not verify his section 2-1401 motion. The motion, however, contained the affidavit of his attorney. His attorney's affidavit averred the following facts. Inabit Services was not a corporation or an LLC or any other legal entity. The complaint did not name John as a defendant, but Robert contacted him and demanded $1000 to settle the claim. John provided Robert a check for $1000 believing it settled the matter. However, Robert "continued to move forward with the court action, and with [John] believing that the payment of $1,000.00 satisfied and resolved this matter."

¶ 16    Following the arguments of the parties, the court denied the motion to vacate. In denying the motion, the court noted that John had waited almost seven months to raise the issue. Therefore, the court concluded that John had failed to raise the issue in a timely fashion.

¶ 17                                II. ANALYSIS

¶ 18    At the outset, we note that Robert failed to file a brief in this appeal. Generally, we will not act as an advocate for an appellee who fails to file a brief or search the record for the purpose of sustaining the court's judgment. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). However, failure to file a brief does not require an automatic reversal, and the appellant continues to bear the burden of establishing error. *Id*. at 131-32. "When the record is simple, and the claimed errors are such that this court can easily decide them on the merits without the aid of an appellee's brief, this court should decide the appeal on its merits." *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1088 (1995). We find that the record and the issues involved are straightforward and clear enough that the appeal should be decided on its merits.

¶ 19    On appeal, John contends that the trial court erred when it denied his motion for relief under section 2-1401. In general, to obtain relief under section 2-1401, a party must set forth specific factual allegations showing (1) the existence of a meritorious defense or claim, (2) due diligence in presenting the defense or claim in the original action, and (3) due diligence in filing the section 2-1401 motion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 37. The allegations of a section 2-1401 motion must be proved by a preponderance of the evidence. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221 (1986). We review the trial court's decision for an abuse of discretion. *Warren County*, 2015 IL 117783, ¶ 37.

¶ 20    Here, we find that John satisfied his burden and is entitled to relief. John's insurance carrier paid Robert and John tendered Robert a $1000 check. Robert accepted these payments. John

believed these payments settled the matter. A claim that has been released or satisfied of record is grounds for dismissal of plaintiff's complaint. See 735 ILCS 5/2-619(a)(6) (West 2018). This is a meritorious defense. He also raised a meritorious defense that Robert sued the wrong defendant. Robert filed his complaint against Inabit Services. Inabit Services is not a legal entity that can sue or be sued. John is the sole-proprietor of the business. "[A] sole proprietorship has no legal identity separate from that of the individual who owns it." *Vernon v. Schuster*, 179 Ill. 2d 338, 347 (1997). Consequently, a complaint which does not name a party legally in existence is, in reality, a nullity as to that party. See *Alton Evening Telegraph v. Doak*, 11 Ill. App. 3d 381, 382 (1973). While the trial court may allow Robert to amend his complaint to name the proper defendant, he did not— and has not—sought leave to amend his pleading. See 735 ILCS 5/2-401(b) (West 2018).

¶ 21    John also showed due diligence in presenting his defense in the original action. Due diligence requires a section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time. *Airoom, Inc.*, 114 Ill. 2d at 222. A section 2-1401 petition does not afford a litigant relief from the consequences of his own mistake or negligence. A party relying on this section is not entitled to relief unless he shows that, through no fault or negligence of his own, a factual error or a valid defense was not presented to the trial court. *Id.* In particular, the petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment. *Id.*

¶ 22    John believed he settled the complaint when he paid Robert $1000. John's failure to appear the day the court entered the default judgment is understandable given that the matter appeared to be settled. Despite accepting payment, Robert obtained the default judgment against Inabit Services. There is no evidence that Robert provided John with notice or a copy of the default

judgment entered against Inabit Services. John did not learn of the default judgment until after Robert filed the first citation to discover assets against John personally. As soon as he became aware of the default judgment, John acted diligently to defend his position against the complaint. Under these circumstances, John's failure to defend against the initial complaint is excusable.

¶ 23    John also showed diligence in presenting his section 2-1401 motion. Again, John did not learn of the default judgment against Inabit Services until after Robert filed the citation to discover assets. Robert served the citation on John's attorney on July 30, 2020. On September 9, 2020, John moved to vacate the default judgment based on Robert's failure to name the proper defendant in the original complaint. The court declined to vacate the default judgment, but it did require Robert to personally serve John with the citation to discover assets. After Robert properly served John with the citation, John promptly filed his section 2-1401 motion.

¶ 24    Default judgments are a "drastic remedy," generally disfavored by courts, and should only be used as a last resort. *In re Haley D.*, 2011 IL 110886, ¶ 69. Under these circumstances, we hold that the trial court abused its discretion when it denied John's section 2-1401 motion. Consequently, we reverse the decision of the trial court and remand the matter for further proceedings. On remand, we direct the court to grant John's section 2-1401 motion and to vacate the default judgment entered against Inabit Services.

¶ 25                              III. CONCLUSION

¶ 26    For the foregoing reasons, we reverse the judgment of the circuit court of Peoria County and remand with directions.

¶ 27    Reversed; cause remanded with directions.