*In re* D.R. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Yolanda Branch, a/k/a Chris McDuffie, Respondent-Appellant).

First District (3rd Division)    No. 1—98—0160

Opinion filed September 8, 1999.

Rita A. Fry, Public Defender, of Chicago (Emily Eisner, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Nancy Grauer Kisicki, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

This is an appeal from the decision of the circuit court of Cook County, finding respondent, Yolanda Branch, to be an unfit parent and terminating her parental rights with respect to two of her children, D.R. and D.M.R. The parental rights of the father were also terminated; however, this appeal is solely on behalf of the mother. Respondent contends that the trial court deprived her of due process of law by entering a default judgment against her and terminating her parental rights.

On December 2, 1994, both minors were adjudicated wards of the court, and respondent was found unable, unfit, and unwilling to care for, protect, train or discipline the minors. D.R. had been found physically abused and neglected and D.M.R. had been found neglected, as well as drug exposed as an infant. On January 3, 1997, the State filed a petition to terminate parental rights. The petition alleged respondent was an unfit parent because she failed to make reasonable efforts to correct the conditions that were the basis for the removal of the children from her and had failed to make reasonable progress toward return of the children to her within 12 months after they had been adjudicated neglected and abused. 750 ILCS 50/1(D)(m) (West 1996). The petition also alleged that respondent failed to maintain a reasonable degree of interest in the children's welfare, failed to protect the children from an injurious environment, and was an habitual drunkard and/or addicted to nonprescription drugs for at least one year immediately prior to commencement of the unfitness proceedings. 750 ILCS 50/1(D)(b), (D)(g), (D)(k) (West 1996). It was also alleged that respondent committed extreme or repeated cruelty to D.M.R. 750 ILCS 50/1(D)(e) (West 1996).

On October 30, 1997, the court heard pretrial stipulations concern-

ing the petition to terminate parental rights. Respondent appeared in court, signed the stipulations and contested the petition. The court admitted the pretrial stipulations, set the case for a final status conference on November 24, 1997, and set the case for hearing on December 8, 1997. On November 24, 1997, respondent did not appear in court because she was incarcerated. The writ to secure her appearance was canceled by the State at her request so as not to interfere with her release date of November 28, 1997. Her counsel reiterated that she was contesting the petition.

On December 2, 1997, the State filed a Supreme Court Rule 237(b) notice compelling the appearance of respondent at the hearing. 166 Ill. 2d R. 237(b). Respondent failed to appear at the hearing as scheduled on December 8, 1997. Her counsel said respondent had been released from prison on November 25, 1997, and that he had had no contact with her since that time due to a change in her address. However, that morning he obtained her telephone number through a Volunteers of America worker. Respondent told counsel over the phone that she was eight months pregnant, not very mobile, and had to go see her probation officer that day. She indicated that she would try, but doubted whether she would be able to come to court.

In response to respondent's absence, the State filed a motion to bar any defense, to strike witnesses and exhibits, to bar testimony and for judgment by default pursuant to Supreme Court Rule 219(c). 166 Ill. 2d R. 219(c). The court granted the State's motion over objection and entered a default judgment. After hearing the State's evidence, the court took judicial notice of all previous findings and all records contained in the court files. The court found, by clear and convincing evidence, that respondent was unfit and that the best interest of the minors required the appointment of a guardian with the right to consent to the their adoption. Respondent's parental rights were terminated.

■ On appeal, respondent contends that the court erred in granting the State's motion for sanctions where she was improperly served with notice to appear at the hearing and notice of the impending default judgment. Supreme Court Rule 237(b) provides in pertinent part:

> "The appearance at the trial of a party *** may be required by serving the party with a notice designating the person who is required to appear. *** Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." 166 Ill. 2d R. 237(b).

Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)) provides a nonexclu-

sive list of sanctions that a trial court may impose in the event of the noncompliance with its orders, including barring a defense, and entry of default judgment.

■ A notice to appear at the hearing pursuant to Supreme Court Rule 237(b) was filed by the State and served on respondent's counsel on December 2, 1997. In that notice, respondent was made aware that her absence at the hearing could result in sanctions pursuant to Supreme Court Rule 219(c). It is well settled that notice to an attorney is considered notice to the client, notwithstanding whether the attorney has actually communicated such knowledge to the client. *Eckel v. Bynum*, 240 Ill. App. 3d 867, 875 (1992). Additionally, respondent was present in court in October 1997 when the hearing date was scheduled. Thus, we cannot say that respondent lacked notice of the hearing or that she was unaware that penalties could be imposed for her failure to appear.

■ Respondent next contends that her due process rights were violated where her counsel was barred from cross-examining witnesses, presenting a defense or making argument on the respondent's behalf. We find the trial court's imposition of such drastic sanctions to be an abuse of discretion. A sanction causing a default judgment is the most severe discovery sanction the court can impose on a respondent and is proper only where the sanctioned party's conduct showed deliberate, contumacious, or unwarranted disregard for the court's authority. *Hartnett v. Stack*, 241 Ill. App. 3d 157, 173 (1993). A trial court's imposition of sanctions will be reversed where there has been a clear abuse of discretion. *Ruane v. Amore*, 287 Ill. App. 3d 465, 471 (1997). An abuse of discretion occurs when the court rules arbitrarily or when its ruling "exceed[s] the bounds of reason." *In re Marriage of Malters*, 133 Ill. App. 3d 168, 180 (1985).

■ Termination of parental rights is a drastic measure. It is a determination that the person as a matter of law should not continue in the legal status as parent and removes "the entire bundle of parental rights, custodial and noncustodial." *In re T.G.*, 147 Ill. App. 3d 484, 488 (1986). A parent's interest in maintaining a parental relationship with her child is a fundamental liberty interest protected by the due process clause of the fourteenth amendment. *Santosky v. Kramer*, 455 U.S. 745, 71 L. Ed. 2d 599, 102 S. Ct. 1388 (1982). Because of this interest, certain due process safeguards have been granted to parents in actions to terminate their parental rights. Those rights include the right to be heard, to present evidence material to the proceedings, and to cross-examine witnesses. 705 ILCS 405/1—5 (West Supp. 1997).

Although we have recently held that a termination hearing may proceed in the respondent's absence where respondent fails to appear

at the hearing (*In re C.L.T.*, 302 Ill. App. 3d 770, 779 (1999)), we do not believe respondent's failure to appear in this case warrants the trial court's harsh sanction of barring her defense and denying counsel the opportunity to present or cross-examine witnesses. In *In re C.L.T.*, a hearing was held on a petition to terminate the mother's parental rights. The mother failed to appear and her attorney requested a continuance, which was denied. On appeal, we held that her right to due process was not denied where she was represented by counsel at the hearing and where counsel had the opportunity to cross-examine witnesses. *In re C.L.T.*, 302 Ill. App. 3d at 777, 779.

In this case, respondent was present in court on two previous status conferences wherein she reiterated that she was contesting the petitions. On the day of the hearing, she informed counsel that she was eight months pregnant, not very mobile, had a mandatory appointment with her probation officer, and would not likely be able to come to court. Whether her failure to appear was voluntary or not, her counsel was present at the hearing and was prepared to argue on her behalf. There was no reason apparent from the record to deny counsel the right to proceed in respondent's absence, and no "deliberate and contumacious disregard" of the court's authority. Where the interests at stake are so finite, a mother's parental rights should not be lightly forfeited. *Blakey v. Blakey*, 72 Ill. App. 3d 946, 947 (1979). We find that the trial court exceeded the bounds of its authority in granting the motion for default in this case leading to an erroneous deprivation of her parental rights.

■ The State asserts that under the criteria set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 902-03 (1976), and adopted in *In re C.J.*, 272 Ill. App. 3d 461, 465 (1995), respondent's due process rights were not violated. The *Mathews* criteria to determine whether termination proceedings comply with due process include: (1) the private interest that will be affected by the official actions; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitutional procedural requirements would entail.

■ Applying these criteria, it is evident that respondent has a liberty interest in maintaining her parental relationship with her children. As stated above, the procedures used by the trial court led to an erroneous deprivation of her parental rights because she was not given a meaningful opportunity to be heard through counsel and to defend the allegations. Furthermore, the governmental interest would

not be unduly burdened by allowing respondent's counsel to present evidence or cross-examine witnesses. As applied to the facts of this case, the balancing test of *Mathews* supports the respondent's claim of a violation of due process.

Additionally, we note that the Illinois Supreme Court has clearly stated that a single hearing consolidating the issues of unfitness and best interest carries a risk of prejudice. *In re Adoption of Syck*, 138 Ill. 2d 255, 275-76 (1990). "A separate hearing and determination of the child's best interests is mandatory in order to ensure the proper focus on those interests." *In re A.P.*, 277 Ill. App. 3d 592, 600 (1996). Since the record reflects that only one hearing was had on both the fitness of the mother and the best interest of the child, we reverse and remand this cause for a new termination hearing in which respondent may participate and in which the issues of fitness and best interest will be bifurcated.

Reversed and remanded with directions.

CAHILL, P.J., and McBRIDE, J., concur.